## Truman Way v. Adolphus Holton.

### Evidence.   Landlord and Tenant.

The plaintiff's claim was for shoemaking for the defendant. At the time the work was done, the defendant and J. were partners, and the firm had an account against the plaintiff. The defendant testified that he agreed with the plaintiff when he got him to do the work, that the price thereof should be credited on said firm account; but this the plaintiff denied. Said firm subsequently dissolved, and the defendant testified that soon thereafter he gave the plaintiff notice thereof, and told him that J. was to have the accounts and books of the firm, and had agreed to settle with the plaintiff for said work, and credit him therefor on the firm books, and that the plaintiff then agreed to look to J. for his pay. The plaintiff testified that he had no such notice, and made no such agreement. The defendant claimed to have a written contract, signed by J. when said firm dissolved, wherein J. agreed to settle the plaintiff's claim and credited the amount thereof on the firm books, and offered the same in evidence, to which the plaintiff objected. *Held*, that it was not admissible.

An undertenant who has paid his rent to the lessee, is not liable therefor to the lessor, unless he attorned to him during his occupancy.

General assumpsit.   Pleas, the general issue and offset. Trial by jury, and verdict for the plaintiff, December term, 1872, Ross, J., presiding.

The plaintiff, among other things, claimed to recover for certain items in his specifications which accrued for shoemaking, amounting to the sum of twenty-three dollars. In relation to these items, the evidence, which was uncontradicted, showed that they accrued while the defendant was in copartnership with one A. E. Judevine, under the firm-name of Holton & Judevine. It also appeared that said firm had an account against the plaintiff which had never been settled. Holton and Judevine dissolved partnership in 1867. The defendant was a witness in his own behalf, and testified that at the time he employed the plaintiff to do the work, it was understood and agreed that the amount to be charged by the plaintiff for such services, should be credited to the plaintiff upon the books of Holton & Judevine. The plaintiff testified that there was no such agreement. The defendant also testified that soon after the dissolution of said copartnership, he notified the plaintiff of such dissolution, and told him that Judevine was to have the accounts and account-books, and that Jude-

vine had agreed in writing with the defendant to settle with the plaintiff and give him the credit upon said books; and the defendant also testified that the plaintiff then agreed to look to Judevine for his pay for said services. The plaintiff testified that he had no notice, and did not make such an agreement. The defendant claimed that he had a contract in writing, signed by said Judevine at the time of the dissolution of said copartnership, in which Judevine had agreed to settle the plaintiff's claim, and credit the same upon said company books, and offered said contract in evidence, to the admission of which the plaintiff objected, and the court excluded the same, for the reason that the defendant had testified, without objection, that he had such a contract, and the plaintiff did not controvert it, but claimed he never agreed to take said Judevine paymaster, or said Holton & Judevine paymaster, for said items. To the exclusion of said written contract, the defendant excepted. It appeared that some two or three weeks prior to the commencement of the December term, 1872, Judevine gave the plaintiff credit upon the books of said firm for the items above mentioned, and notified the plaintiff to that effect. The jury found specially for plaintiff to recover the amount of said charges.

In the defendant's specifications in offset, there was an item of thirty-eight dollars charged to the plaintiff, for use and occupation of a certain house belonging to the defendant. The defendant's testimony tended to show that one Van Orman rented the house of the defendant for no specified length of time, but was to pay the plaintiff six dollars per month in advance, so long as he occupied said house; that Van Orman moved into said house with his family, and occupied it but a few weeks, and then left it, and moved away; that while Van Orman was there, the defendant found the plaintiff occupying some portion of said house as a shoemaker's shop; that he never rented it to him, but then spoke to him and said, "You here?" and the plaintiff replied, "I suppose all you want is your rent," to which the defendant replied, "I keep the premises to rent." The plaintiff testified that he never rented the premises of the defendant, and did not promise to pay the defendant the rent, but that he hired that portion of the house

which he occupied, of said Van Orman, for two dollars per month. Van Orman was a witness for the plaintiff, and testified that he hired the house of the defendant for one year, at six dollars per month, but with no condition that the lease should be forfeited if the rent was not paid, and left the same because the building was greatly out of repair, and was in such a condition that he wouldn't live in it, and that he told the plaintiff that he might have a part of it for a shoe-shop, if he wanted it, for two dollars per month, and that this was while Van Orman was occupying part of the premises. The plaintiff's testimony tended further to show, that he had paid Van Orman the rent for the portion of the house he occupied. It appeared that some time after Van Orman left the premises, the defendant let other tenants into the portion of the house not occupied by the plaintiff. The plaintiff did not pay the defendant any rent; nor did the defendant call upon him to pay, except as aforesaid, while he was occupying the premises. The defendant's counsel claimed in argument, and requested the court to charge the jury, that if they found that Van Orman abandoned the premises in the manner the testimony on both sides tended to show; or, in other words, if Van Orman repudiated his contract with the defendant, he would have no authority to lease a portion of the house to the plaintiff for the remainder of his term; although Van Orman first hired or leased the house of the defendant for one year; and that in such case, there would be an implied contract that the plaintiff would pay the defendant at least a reasonable sum as rent. The court refused so to charge; but instructed the jury that if Van Orman hired the premises for one year, as his testimony tended to show, and while occupying under said hiring, sublet the portion occupied by the plaintiff to the plaintiff during the remainder of the year, and if the plaintiff occupied during all said year under said hiring of Van Orman, and never occupied under the defendant or agreed to pay him the rent, the defendant could not recover for this item; but if plaintiff, though he hired of Van Orman, occupied under the defendant, or agreed to pay him the rent while so occupying, the defendant could recover such sum as the plaintiff agreed to pay,

and if no sum or price was agreed upon, what the premises were reasonably worth; to which the defendant excepted. The contract between the defendant and Van Orman was verbal; and no question was made but the plaintiff occupied the house the length of time charged for by the defendant. The jury disallowed said item.

*O. S. & C. C. Burke*, for the defendant, upon the first point, cited *Buzzell* v. *Willard*, 44 Vt. 44; and insisted that the refusal to charge as requested, was error.

*H. E. Carter*, for the plaintiff, upon the first point, cited *Pingry* v. *Washburn*, 1 Aik. 264 ; *Babcock et al.* v. *Hawkins*, 23 Vt. 561 ; *Bruce* v. *Bruce*, 4 Dana (Ky.) 530 ; and upon the second point, *Hadley* v. *Havens*, 24 Vt. 520 ; *Austin* v. *Thompson*, 45 N. H. 120.

The opinion of the court was delivered by

BARRETT, J. It appears that the agreement testified by the defendant, as to the credit to be given for the amount to be charged by the plaintiff for the services in question, was made before the work charged for by the plaintiff was done, and, of course, before the alleged written agreement between the defendant and Judevine was made, which the defendant offered in evidence. Such written agreement could be no ground of inference on the question of the prior agreement which the defendant testified had been made between himself and the plaintiff. It is true, that such written agreement would be consistent with said alleged agreement of plaintiff and defendant. But the fact of making such written agreement, does not lead towards the fact that the former one was made.

In *Buzzell* v. *Willard*, 44 Vt. 44, as well as in *Kimball* v. *Locke*, 31 Vt. 683, the evidence offered and held proper, was to show a state of circumstances existing at the time of the contract in question, bearing on the likelihood of the making of such questionable contract. In the case in hand, it was proposed to show a state of circumstances not existing at the time of the controverted agreement, nor till some time after it. In those cases, inference was to

be drawn from what had occurred and was existing at the time of the transaction in question. In the present case, it was proposed to draw inference from what occurred afterwards, and in which the plaintiff in no way participated or was in privity. The evidence was properly excluded. ✦

As to the offset, there was no evidence showing that Van Orman had so abandoned the house as not to be accountable for rent for all the time the plaintiff occupied the room; or that he repudiated his tenancy and liability to pay rent so long as the plaintiff continued to occupy. Indeed, nothing by way of evidence is shown in the exceptions, that Van Orman abandoned the house himself before the plaintiff left it;—though perhaps it would be fair to infer the likelihood that he did. The plaintiff is shown to have entered and to have been occupying as the tenant of Van Orman, and to have paid to him the stipulated rent for all the time he occupied. Unless, while occupying, he attorned to the defendant, such payment would discharge all liability to anybody for rent to be paid by the plaintiff. We think the charge given was quite as favorable as the defendant was entitled to have; and that the court committed no error in not fulfilling his request.

Judgment affirmed.