## LYON *v.* KIDDER.

### *Evidence.*

Plaintiff claimed that defendant bought six tons of hay of him at a certain time and place. Defendant denied buying the hay, but said he told plaintiff that one C. might want to buy it, and if he did, defendant would be responsible for it. Afterwards, defendant and C. started to go and see the hay, but did not go; and as bearing upon the question of whether there was a contract of purchase or not, defendant offered to show that they went to another place, where C. bought all the hay he wanted, and afterwards drew it away and used it. *Held*, inadmissible.

ASSUMPSIT for six tons of hay. Plea, the general issue.

The plaintiff testified, and gave evidence tending to show, that he sold the hay to the defendant absolutely at defendant's house in the fall of 1870. The defendant testified, and gave evidence tending to show, that plaintiff was at his house and asked him to purchase the hay, but that he told him he had bought all the hay he wanted, and that he did not wish to buy it, but that there was a man by the name of Corey that was going to do a logging job for him, and if he would leave his price, he would tell Corey about it when he came, and if he wanted to buy he could ; that plaintiff asked defendant if he would be responsible for the hay if

Corey bought it, and he said he would; that after this, Corey came, and defendant and Corey started to go to see the hay, which was about three miles away, and called at one Smith's on an adjoining farm, and had some conversation with him as to the quality of the hay, and left, not going to see the hay, but going in another direction. It also appeared that defendant had bought all the hay he desired, except what Corey might want. The defendant testified that he never bought the hay, and offered to prove as bearing upon the question whether his or the plaintiff's version of the talk was the true one, that he and Corey, when they left Smith's, went to one Dodge's and bought of him all the hay that Corey wanted or had any demand for, and that Corey drew it away and used it. The court, Ross, J., presiding, rejected this evidence, and the defendant excepted.

*Geo. A. Bingham*, for the defendant, cited *Richardson* v. *Turnpike Co.* 6 Vt. 496; *Houghton* v. *Clough*, 30 Vt. 312; 51 N. H. 94; 2 Day, 208; 5 Conn. 272; 9 Conn. 52; 22 Conn. 383; 45 Me. 518; 51 Me. 509; 52 Me. 343; 10 S. & R. 27; 1 Wend. 191.

*Ray, Drew & Heywood*, for the plaintiff, cited *Way* v. *Holton*, 46 Vt. 184.

The opinion of the court was delivered by

POWERS, J.  The defendant denied that he ever bought the hay, and the plaintiff only claimed a contract of sale at the defendant's house in the fall of 1870.

The only question in the case then was, whether the contract as the plaintiff claimed it was made at the time and place named. It is allowable, oftentimes, to show in evidence pre-existing and contemporaneous facts and circumstances attending the negotiations of parties in the making of their contracts, as such facts often throw light upon the disputed contract itself.

The offer in this case was to show a state of facts which existed, not at the time when, if ever, the contract was said to have been made, but afterwards.  We see no ground upon which

such evidence could be admitted. The obvious danger of admitting evidence of a party's acts after he has entered into a contract, to enable him to escape from its obligations, is a satisfactory reason for the rule on the subject. *Kimball* v. *Locke*, 31 Vt. 683 ; *Buzzell* v. *Willard*, 44 Vt. 44 ; *Way* v. *Holton*, 46 Vt. 184.

Judgment affirmed.