## LUKE BUZZELL *v.* ANDREW J. WILLARD.

### *Evidence.  Contract.*

Evidence offered not to affect a deed as a conveyance of a mill, but to prove an independent agreement collaterally connected with the sale of the mill, *held* admissible.

The plaintiff offered to prove by parol that the defendant, (in the sale of the mill which was evidenced by deed, but the deed contained no stipulation of the kind offered to be proved,) agreed that if the wheel was not satisfactory and suitable, he would put in one that was. *Held* that the same was properly admitted.

The defendant sold to H.  After the sale the plaintiff put in a new wheel, for which he claimed to recover of the defendant under a contract to that effect.  The defendant was allowed to prove that shortly before he sold, one P. put in the wheel which was in when he sold, and gave evidence tending to prove that he had a contract with P. that if the wheel P. put in was not satisfactory, he, P., would put in one that was.  To this there was no contradictory testimony.  The defendant then offered to prove said contract by P. himself, and to the effect that P. acknowledged its binding force and validity.  *Held* that this testimony should have been received as bearing on the question whether there was any such contract between the plaintiff and defendant as the plaintiff claimed.

ASSUMPSIT.  Plea, the general issue, and trial by jury, December term, 1870, PECK, J., presiding.

The plaintiff's claim was for a water-wheel and putting the same into a saw-mill which it appeared had been owned by the defendant, and which he had, a short time before the alleged contract between the plaintiff and the defendant, conveyed by deed to one Herring, which was then owned by said Herring, and the plaintiff offered evidence tending to prove by parol that when said Herring purchased the mill in question of the defendant and took his deed, the defendant agreed that if the wheel then in the mill was not satisfactory or suitable for the place, he, the defendant, would put one in that was satisfactory or suitable for the place. To the admission of that testimony the defendant objected, for the reason that the contract of the sale of the mill was in writing; that is, the deed of the defendant to Herring; and parol testimony could not be received to alter a written contract, but the court overruled the objection and received the testimony, to which decision of the court the defendant excepted.  It appeared by the deed that there was no stipulation in the deed of the kind offered to be proved by this parol evidence.

The plaintiff's evidence further tended to show that some two weeks after the purchase of the mill by said Herring, he, the said Herring, called upon the defendant at his office, and said Herring informed the defendant that said wheel in the mill was not satisfactory or suitable for the place, and thereupon the defendant told said Herring that if his sawyer, Wells, would test the wheel in the mill, and if it was not satisfactory, and write the said defendant, so that he could have it in black and white to settle with Paddock, the plaintiff might put in the wheel; that said Wells immediately afterwards made a test of the wheel by hoisting the gate and barring the wheel to see how long it would take to draw the pond down as low as it could be done and saw, and wrote a letter and sent it to the defendant by said Herring, which letter the defendant received; that he, the plaintiff, resided in the village of St. Johnsbury, where the defendant resided, and frequently met the defendant upon the street, but never spoke to the defendant about the water-wheel, or putting the same in, after the interview in the office, till after the wheel was put in and tested by said Herring, when he called upon the defendant to pay for the wheel, who refused to pay for the same, as he claimed he had made no contract with the plaintiff.

The evidence on the part of the defendant and on the part of the plaintiff, as to the said interview at the defendant's office, showed that the plaintiff and the defendant talked over the terms on which the plaintiff would put in a wheel, if he did put it in, the plaintiff telling the defendant the price he should charge for the wheel and what he should also charge for putting it in, &c., and the testimony of the defendant did not vary materially from that on the part of the plaintiff, as to what was said in this interview, in any part of it, except the defendant's testimony tended to show that he did not expect or suppose the plaintiff was to put in the wheel, if at all, till some further authority was given by the defendant for that purpose, and that he did not authorize him to put in the wheel after testing the old wheel, but it was left undecided as to that.

It appeared that Paddock had, a short time before the defendant sold the mill to Herring, put in the wheel for the defendant which

was in at the time of the sale of the mill, and that before any interview between the plaintiff and the defendant on the subject of putting in a wheel by the plaintiff, Paddock had been applied to, on the subject of the wheel he had put in, complaint being made to him that it was defective and did not answer the purpose, and Paddock had thereupon made several alterations in it; that complaint was again made to Paddock that it was not suitable or satisfactory, and Paddock had made another alteration for the purpose of remedying the alleged defect.

The defendant gave testimony tending to prove that he never agreed with the plaintiff to put said wheel into the mill, and knew nothing about the plaintiff putting in said wheel, except what was said at that interview in the defendant's office, till after said wheel was put in, and was first informed of the same by Herring; that he had a contract with J. H. Paddock, who put the wheel in that was in the mill when he sold it to Herring, that if said wheel was not satisfactory, he would put one in that was satisfactory. On this point, as to the defendant's contract with Paddock, there was no contradictory testimony.

The defendant offered to prove by Paddock, that he, defendant, had a contract and agreement with Paddock, that if the wheel in the mill was not satisfactory, he, Paddock, was ready and willing, under that contract, to put one in that was satisfactory, and further, that the defendant's sawyer, Wells, had informed Paddock that the wheel in the mill at the time of the sale to Herring was satisfactory, to show the jury that the defendant could have no motive and was under no obligation to Herring whatever to make the contract with the plaintiff, as claimed by the plaintiff. The court excluded the testimony, to which the defendant excepted.

The testimony on the part of the plaintiff tended to show that the said letter which the sawyer, Wells, sent the defendant as to the test of the wheel, was delivered by Herring the same day of its date, or the next, to the defendant in person, and that the defendant read it, and then told Herring to go to the plaintiff and tell the plaintiff to put in a wheel, and that Herring went immediately to the plaintiff's shop and told him what had been done, and that he had carried Wells's letter as to the test of the wheel

in the mill to the defendant, and that the defendant directed him to tell the plaintiff to go and put in a wheel in the mill, and that thereupon the plaintiff put it in according to his charges on his book.

The defendant's testimony further tended to prove that the letter written by Wells was not delivered him by Herring, but found at the post-office, and that when he received the letter he did not consider there was any test made of the wheel, and that he did not tell Herring to tell the plaintiff to put in a wheel, or give him any directions to that effect; that at the time the plaintiff and Herring were in the defendant's office, Herring had been in possession of the mill but three or four days, and could have made no test of the wheel then in the mill; that when he sold the mill to Herring he informed him of the contract he had with Paddock, that if the wheel was not satisfactory Paddock was ready to put in one that was, and that said Herring might have the benefit of said contract.

The court charged the jury, to which there was no exception. The jury returned a verdict for the plaintiff.

To the admission of testimony and exclusion of testimony as before stated the defendant excepted.

The court in the charge told the jury, that taking it as it was, on either side, as to what was said in the interview at the defendant's office, it did not authorize the plaintiff in putting in a wheel, on the credit of the defendant, whatever they might think about the sufficiency of the test of the wheel which Paddock put in; that to entitle the plaintiff to recover, there must be proof of some subsequent contract or authorization by the defendant, and that unless they found from the evidence that the defendant, after receiving the letter from Wells, told Herring to tell the plaintiff to put in the wheel, the plaintiff could not recover.

*A. J. Willard*, for the defendant, cited to the point that parol testimony was not admissible to show the contract between Herring and the defendant, the same having been reduced to writing, *Harris* v. *Holmes*, 30 Vt., 353 ; *Isaacs* v. *Elkins*, 11 Vt., 679 ; *Hatch* v. *Hyde*, 14 Vt., 25 ; *Gilman* v. *Moore*, ib., 457 ; *Reed* v. *Wood*, 9 Vt., 25 ; and maintained that the proof offered to be

shown by Paddock was admissible for the reason stated in the exceptions.

*O. S. & C. C. Burke* and *Belden & May*, for the plaintiff, cited to the point that said parol evidence was admissible, *Kreider* v. *Lafferty*, 1 Wheaton, 303 ; *Berlin* v. *Norwich*, 10 John. R., 229 ; 2 Aik., 62 ; 28 Vt., 350 ; and claimed that the evidence offered to be shown by Paddock was not admissible.

The opinion of the court was delivered by

ROYCE, J. The first question presented by the bill of exceptions arises upon the ruling of the court, in permitting the plaintiff to prove by parol that, at the time when Herring purchased the mill of the defendant, he agreed that if the wheel then in the mill was not satisfactory or suitable for the place, he would put one in that was satisfactory or suitable for the place. The defendant objected to the testimony for the reason that the contract for the sale of the mill was in writing, (that is, by deed,) and parol testimony could not be received to alter it. If the evidence had been offered for the purpose which the objection supposed, it would have been well taken, but there was no stipulation in the deed of the kind offered to be proved by this evidence. Hence there was nothing in the deed upon this subject to alter or change. The evidence was not offered to affect the deed as a conveyance, but to prove an independent agreement collaterally connected with the sale of the mill, as evidenced by the deed, and for this purpose, we think, was properly admitted.

The only material question of fact litigated was whether the defendant was under a legal obligation to pay the plaintiff for the water-wheel and putting it into the mill which the defendant conveyed by his deed to Herring. If he was liable, it must be upon the ground of an express or implied contract, and in order to determine whether there was any such contract, the defendant was allowed to prove that a short time before he sold the mill to Herring, one Paddock had put in the wheel for him which was in the mill at the time of the sale to Herring, and he gave evidence tending to prove that he had a contract with Paddock, that if the

wheel that he put in was not satisfactory he would put in one that was. This evidence must have been admitted upon the ground that under such circumstances it would be improbable that the defendant would make any such contract as the plaintiff claimed was made, and was proper for the jury to consider upon that question. The case finds that there was no contradictory testimony in relation to the defendant's contract with Paddock, but the testimony thus far had only a tendency to prove it.

The defendant then offered to prove by Paddock that he had such a contract and agreement with him as is above stated, and that if the wheel in the mill at the time of the sale to Herring was not satisfactory, he would put one in that was;—thus removing all doubt (as far as it could be done by Paddock's testimony) as to how the defendant had the right to understand the contract with him, and that Paddock acknowledged its binding force and validity. We cannot say that this evidence would have changed the result to which the jury came, but we think the defendant was entitled to the benefit of it as bearing upon the question whether any such contract was made as the plaintiff claims was made; and on account of its rejection the judgment is reversed, and cause remanded.