## COUNTY OF LAMOILLE,

AT THE

### AUGUST TERM, 1878.

PRESENT :

Hon. HOMER E. ROYCE,
Hon. TIMOTHY P. REDFIELD, ⎫
Hon. JONATHAN ROSS, ⎬ ASSISTANT JUDGES.
Hon. WALTER C. DUNTON, ⎭

---

### B. W. GREEN *v.* F. V. RANDALL.

*Parol Evidence to Vary Written Contract. Statute of Frauds.*
*Consideration. Charge to the Jury.*

Parol evidence was held admissible to establish an agreement collaterally connected
with the sale of a farm and personal property as shown by the deed, notes, and bill
of sale, it not contradicting anything therein contained.

A parol agreement by the vendor with the vendee of land, to remove a mortgage
thereon, given to secure the debt of another, is not within the Statute of Frauds,
and is founded on sufficient consideration.

Plaintiff's evidence tended to show that defendant agreed to remove a mortgage on
land that he sold to plaintiff so that it should not be an incumbrance thereon. De-
fendant's evidence tended to show, in legal effect, the same agreement, and it did
not appear that the evidence conflicted. If the agreement was as defendant
claimed, plaintiff could not recover, as there would have been no breach. The court
charged only that if the agreement was as plaintiff claimed, and there was a breach
by defendant, plaintiff could recover. *Held* error, inasmuch as it did not appear that
the agreement as claimed by plaintiff was so far variant from the agreement as
claimed by the defendant as to entitle plaintiff to recover.

ASSUMPSIT to recover the purchase-money of a farm to which
the plaintiff claimed to have lost title through fault of the defend-

ant, the vendor, and to recover money laid out and expended thereon. Plea, the general issue, and trial by jury, April Term, 1878, POWERS, J., presiding.

It appeared that on April 1, 1871, the defendant took of Daniel Dingwall and wife, a mortgage of a certain farm in Morristown, and the personal property thereon, conditioned for the payment of Dingwall's promissory note of that date for $7,000, payable to the defendant, or order, in three years from date, with interest annually, and for the payment of such further sums as the defendant might advance to Dingwall or Dingwall might owe him ; and that the defendant soon afterwards turned the note out to the National Life Insurance Company of Montpelier, as collateral security for his own note for $5,500. The defendant further advanced about $3,200 to Dingwall under the mortgage, and as Dingwall was not able to pay it, nor to pay the interest on the mortgage note, he surrendered possession to the defendant. On March 14, 1873, the insurance company still holding Dingwall's note as aforesaid, the defendant sold the personal property and most of the farm to the plaintiff, Dingwall and wife giving plaintiff a warranty deed of the premises, and plaintiff gave the defendant in payment therefor, among other things, certain other property in Morrisville, and his promissory note for $5,000, payable to defendant, or order, in annual installments of $500 each, reckoning from that date, with interest annually, and secured by mortgage on the property and farm so sold ; and the defendant received the payments so made by the plaintiff in payment on Dingwall's debt. In November, 1874, the insurance company brought suit to foreclose the Dingwall mortgage, and obtained a decree, which became absolute on May 15, 1875.

The plaintiff offered parol evidence tending to show that at the time he traded with the defendant, the defendant agreed to remove or discharge the Dingwall mortgage. The defendant objected to the admission of the evidence, for that the trade was evidenced by the writings, which were not to be varied by parol evidence ; and that if there was such a promise, it related to the sale of, or an interest in, lands, and was a promise to pay Dingwall's debt, and so within the Statute of Frauds, and was also

without consideration. But the court overruled the objection, *pro forma,* and admitted the evidence; to which the defendant excepted.

The defendant then introduced evidence tending to show that it was then agreed that the defendant should take the plaintiff's notes and mortgage and put them into the office of the insurance company, with the Dingwall note, in pursuance of an arrangement that he had made with the company to that effect, that if the plaintiff paid his notes as they fell due, the company should receive the money and indorse it on the notes, and also on the Dingwall note, and that when the plaintiff's notes were paid and the amount thereof indorsed on the Dingwall note, the defendant and said company should discharge the Dingwall mortgage as to said farm, but hold it as against other land, which it also covered, as security for the unpaid balance of the mortgage debt; that in a day or two thereafter the defendant deposited the plaintiff's notes and mortgage with said company in accordance with said agreement, where they had ever since remained; that in June, 1874, the plaintiff paid $500 on his notes, which was indorsed in accordance with said agreement, but that he failed to pay his notes, committed waste, and sold part of the personal property, &c., and that for that reason the mortgage was foreclosed as aforesaid.

There was also evidence on one hand as to the money expended on the farm by the plaintiff, and on the other, as to the waste committed and property sold by him.

The defendant requested the court to charge that if the defendant had no interest in the premises except as mortgagee, there was no privity of contract between the parties, and no consideration as alleged; that the plaintiff, to recover, should have offered to rescind the contract, and that his acts amounted to an affirmance of it; that if the plaintiff did not pay his notes, and was foreclosed against in consequence, he could not recover; and that if the defendant had an interest in the premises as mortgagee in possession after condition broken, then, though the deed to the plaintiff was executed by Dingwall and wife, yet the legal interest was in the defendant, and he was not liable on any promise not em-

braced in the writings, and not liable on any parol promise, if any such there was, as it would be within the Statute of Frauds.

The court refused so to charge, but charged that if there was a parol contract as claimed by the plaintiff, and a breach by the defendant, the plaintiff would be entitled to recover for such damages as he sustained in consequence thereof.

To the refusal to charge as requested, and to the charge given, the defendant excepted.

Verdict for the plaintiff.

*Brigham & Waterman* and defendant himself, for the defendant.

The court erred in admitting parol evidence to show that the defendant agreed to remove the Dingwall mortgage. The contract of sale was in writing. *Daggett* v. *Graves*, 49 Vt. 345 ; *Abbott* v. *Choate*, 47 Vt. 53 ; *Machir* v. *McDowell*, 4 Bibb, 473 ; Brown Frauds, 429 ; 3 Stark. Ev. 1007 ; *Dyer* v. *Graves*, 37 Vt. 369.

The alleged promise was a promise to pay the debt of another, and within the Statute of Frauds. Gen. Sts. c. 66, s. 1 ; *Dows* v. *Sweet*, 120 Mass. 322 ; *Furbish* v. *Goodnow*, 98 Mass. 296.

The alleged promise was a contract for the sale of land, and for that reason also within the Statute of Frauds. *Howe* v. *Walker*, 4 Gray, 318 ; *Bliss* v. *Thompson*, 4 Mass. 448 ; Brown Frauds, 273.

If the plaintiff has been injured, it is by reason of his having neglected to pay his notes.

*P. K. Gleed* and *C. C. Burke*, for the plaintiff.

The defendant's undertaking was collateral to the contract evidenced by the writings. *Wait* v. *Wait*, 28 Vt. 350 ; *Buzzell* v. *Willard*, 44 Vt. 44 ; *Thayer* v. *Viles*, 23 Vt. 494.

It was not to convey an interest in land. *Slocum* v. *Catlin*, 22 Vt. 137 ; *Owen* v. *Estes*, 5 Mass. 329 ; Brown Frauds, ss. 65, 267.

The other property given was a sufficient consideration to support the defendant's promise. *Wait* v. *Wait, supra ; Merrill* v. *Englesby*, 28 Vt. 150 ; *Smith* v. *Rogers*, 35 Vt. 140.

The plaintiff was not bound to offer to rescind. The contract was partly executed. *Hammond* v. *Buckmaster*, 22 Vt. 375; *White* v. *Miller*, 22 Vt. 380.

The opinion of the court was delivered by

ROYCE, J: The parol evidence which was received subject to the objection and exception of the defendant it is claimed was inadmissible for three reasons: *First*, that the trade that was made was evidenced by the writings executed between the parties, and parol proof was not admissible to vary, add to, or diminish them. The objection embraces a well recognized and familiar principle of the law of evidence, and if the evidence offered, in legal effect, comes within it, it was error to admit it. But we do not understand that the evidence had that effect. Its tendency was to eatablish an agreement collaterally connected with the sale of the farm and personal property as shown by the deed, notes, and bill of sale, and not to contradict anything that was contained in them, and it was admissible for that purpose. *Buzzell* v. *Willard*, 44 Vt. 44, and cases there cited.

*Second*, that the promise, if any was made, related to a sale of an interest in land, and hence was within the Statute of Frauds. This objection is not well taken. The evidence was offered to prove a contract on the part of the defendant to remove an existing incumbrance that rested upon the land, and such a contract is not, in legal contemplation, a contract for the sale of any interest in the land.

*Third*, that the contract was simply to pay the mortgage note of Dingwall, and hence was within the Statute of Frauds; and that the promise of the defendant was without consideration. The contract that the evidence tended to show was not in terms to pay the debt of another. The contract was susceptible of full performance without a payment of the note given by Dingwall, and hence was not within the statute; and the evidence preceding that which was objected to, in our judgment, tended to show a sufficient legal consideration to support the promise.

The parol evidence that was offered by the plaintiff, tended to show that at the time the trade was made, and as a part of it, the

defendant agreed to remove or discharge the $7,000 mortgage that then rested upon the farm, so that it should be no incumbrance upon the same. The evidence on the part of the defendant tended to show that an arrangement was made at the time the trade for the farm and personal property was made, to provide for the payment of said $7,000 claim and the discharge of the mortgage given to secure it, and that the arrangement was, that the defendant was to place the notes for $5,000 given by the plaintiff to the defendant, and the mortgage given to secure them, with the National Life Insurance Company, who then held the $7,000 note given by Dingwall, as collateral security for the defendant's note of $5,500 then held by said company, and that the payments to be made by the plaintiff on his notes should be applied on the $7,000 note, and that when the plaintiff should pay his notes, the company and the defendant would discharge the mortgage given to secure the $7,000 note, and that the plaintiff did not pay his notes according to their tenor, and for that reason, and because he was committing waste upon the mortgaged premises, the company brought a petition to foreclose the mortgage given to secure the $7,000 note, and obtained a decree, and, the defendant failing to redeem, acquired his title in the premises. It was admitted by the defendant that he was to discharge the mortgage that then rested upon the premises; the only controversy was as to the manner in which that should be done. The exceptions show that the evidence of the plaintiff tended to show that the defendant agreed to remove or discharge said mortgage so that it should not be an incumbrance on the farm. The evidence of the defendant tended to show, in legal effect, the same agreement, and the exceptions do not show that there was any conflict in the evidence upon that subject. If the agreement was as the defendant's evidence tended to show, it is clear that the plaintiff could not rocover back the consideration paid, for the reason that there had been no breach of the agreement at the time the suit was commenced, and the defendant had the right to have the question submitted to the jury as to whether the agreement was as his evidence tended to show. It does not appear that it was so submitted. All the exceptions show that the court said upon

the subject was, that if the jury found the parol contract proved as claimed by the plaintiff, and there was a breach of the same on the part of the defendant, the plaintiff would be entitled to recover ; and inasmuch as the exceptions do not show that the parol contract which the plaintiff's evidence tended to show, was so far variant from the contract which the defendant's evidence tended to show as to give the plaintiff a right of action if proved, we do not think the charge of the court was such a presentation of the case and the evidence to the jury as the defendant was legally entitled to.

The last request of the defendant to the court should have been complied with, with the qualification that the jury should find the contract to have been as the defendant's evidence tended to show. There is nothing in the exceptions that would justify the inference that anything further was said by the court than what there appears.

*Judgment reversed, and cause remanded.*