. AMASA PROCTOR v. E. M. WILEY.*

*Written Lease under Seal. Offset. Evidence.*

The plaintiff rented his farm to the defendant by lease under seal, one of the condi-
tions of which was, that the defendant was to board the plaintiff and his wife ;
and if either of them were sick, he was to receive extra pay. The plaintiff's
wife was injured and the defendant put to additional expense in caring for her.
In action of assumpsit, offset was pleaded, and a declaration in book account
filed. *Held,*
1. That the defendant, *under his declaration in book account, could not recover the
charges for his extra services,* as they are dependent upon the conditions in a
sealed instrument.
2. That he could recover certain items of his account, not connected with any of the
stipulations in the lease.
3. One of the plaintiff's charges was for the use of a sugar lot. This lot was not in-
cluded in the written lease of the farm. Parol evidence was admissible to prove
that the plaintiff, just before the contract was executed, told the defendant, as
an inducement to make the contract, that he could have the use of the sugar
place with the farm.

ASSUMPSIT. The defendant filed his declaration on book ac-
count in offset; an auditor was appointed, and the case was heard
on his report by the court, December Term, 1881, TAFT, J., pre-
siding. Judgment for the plaintiff to recover $112.40. The
auditor found :

That the plaintiff rented his farm to the defendant by a written
lease under seal ; that the following was one of the stipulations
of the lease : " And the said E. M. Wiley shall board the said
Amasa Proctor and his wife during said year ; and if they are
sick or lame, shall take care of them ; and if they are *very* sick
or lame, so as to require extra help, the said Amasa shall pay for
all necessary extra help, and all necessary doctor's bills ; and the
said E. M. Wiley shall pay to the said A. Proctor at the end of
the year $35 " ; that sometime during the year the plaintiff's wife
received severe injuries in her knee and hip ; that by reason of
these the defendant was put to extra care and expense ; that the
items in his account, Nos. 31, 32, 33, were made up of this extra

* Heard February Term, 1882.

expense, paying hired girl, &c. ; that the defendant was entitled to recover on these three items $107.14, if he could recover at all under his plea.

The following is a fair specimen of the first thirty items of the defendant's account: (1.) one horse blanket, ninety cents ; (2.) two and one-half days mending fence, $2.50 ; (3.) grass seed, $2 ; (4.) going after yearlings, fifty cents ; (5.) driving cattle to pasture, fifty cents ; (6.) drawing ten loads of hay, $5. The auditor allowed these thirty items, as charged, at $48.01, and the first four items of the plaintiff's account (corn meal, $5.25 ; clover seed, thirty cents ; grass seed, twenty cents ; keeping three horses, $2,) at $7.75, leaving due the defendant on these the sum of $40.26.

The plaintiff claimed to recover $15 for the use of a sugar lot not included in the lease. The charge was not allowed. The defendant, against the objection of the plaintiff, was permitted to prove by parol evidence, that, on the day the lease was executed, and before its execution, when objection was made to taking the farm because there was no sugar place on it, the plaintiff told the defendant that he had a good sugar lot on the Bartlett farm, and that defendant could have the use of it.

The auditor found :

" The said Proctor did not make any claim before me to be allowed said thirty-five dollars rent as a matter of account, and declined to present it as such ; but the said Wiley having introduced the sealed contract in evidence, the said Proctor claimed that the thirty-five dollars extinguished and paid thirty-five dollars of Wiley's account, so that so much of Wiley's account could not be recovered for in this action. The said Wiley offered to have the same allowed in this accounting, but claimed that the same should be only allowed towards items thirty-one, thirty-two and thirty-three, and that unless these items were adjusted in this action the thirty-five dollars should not be allowed." . . . . .

" It appeared from the testimony of both parties that the understanding between them was, that whatever balance of account the said Wiley had against said Proctor was to be applied in payment of the thirty-five dollars rent specified in the sealed contract, and if said account exceeded thirty-five dollars, the said Proctor expected to pay the said Wiley in money the balance."

*Gilbert A. Davis,* for the plaintiff.

The defendant cannot recover under his plea items thirty-one, thirty-two and thirty-three. *Huxley* v. *Carman,* 46 Vt. 462; R. L. s. 1203; *Bliss* v. *Allard,* 49 Vt. 350; *Albee* v. *Fairbanks,* 10 Vt. 314; *Ganaway* v. *Miller,* 15 Vt. 152; *Matthews* v. *Tower,* 39 Vt. 438. In *Gleason* v. *Briggs,* 28 Vt. 135, the auditor found an *express* agreement to charge *in account. Chamberlain* v. *Farr,* 23 Vt. 265; Rob. Dig. 113.

*John F. Dean* and *Walker & Goddard,* for the defendant.

Book account will lie to recover for items properly chargeable on book, though they accrued under a contract special as to the time and manner of performance, or the time and manner of payment. *Kent* v. *Bowker,* 38 Vt. 148; *Austin* v. *Wheeler,* 16 Vt. 95; *Stearns* v. *Haven,* 16 Vt. 87; *Eddy* v. *Stafford,* 18 Vt. 235; *Porter* v. *Monger,* 22 Vt. 191; *Waterman* v. *Stimpson,* 24 Vt. 508; *Newton* v. *Higgins,* 2 Vt. 366; *Fry* v. *Slyfield,* 3 Vt. 246.

The courts have gone so far as to hold that rent for the use of land may be recovered in book account, where it was understood that it was to be so charged and claimed on trial. *Farrand* v. *Gage,* 3 Vt. 326; *Case* v. *Berry,* 3 Vt. 332; *Gunnirson* v. *Bancroft,* 11 Vt. 490; *Gleason* v. *Vt. Central R. R. Co.,* 25 Vt. 40; *Chamberlain* v. *Farr,* 23 Vt. 265.

The opinion of the court was delivered by

ROYCE, Ch. J. There can be no question but what the first thirty items of the defendant's account and the items of the plaintiff's account that were considered and adjudicated by the auditor, were proper matters of book charge. They were not so connected with or made dependent upon any of the stipulations or conditions contained in the written lease of the parties as to require that an action should be predicated upon the lease for their adjustment. The testimony admitted by the auditor as to what was said by the plaintiff on the day that the contract was executed and before its execution in relation to use of the sugar place on the Bartlett lot was admissible. It appears that the offer was made as an inducement to the defendant to make the contract. It is found that the

plaintiff never made any charge or intended to make any for the same. There is no error apparent in the disallowance of that item of the plaintiff's account.

The more important question arises upon the claim made by the the defendant for items Nos. 31, 32 and 33 in his account. These claims are for extra care of the plaintiff's wife during some portion of the time covered by the lease, and for help employed in taking such care. The obligation to pay for such care is expressed in the lease, and it is upon that obligation that the defendant bases his right of recovery. The plaintiff objected to a recovery under the defendant's plea in offset, and claimed that if any recovery could be had it must be in an action predicated upon the lease. If an action on book would lie to recover for those items, they are recoverable under the defendant's plea.

The covenants in the lease were dependent covenants; the covenant of the plaintiff to pay for the extra care was dependent upon the performance by the defendant on his part of his covenants as expressed in the lease, so that the question whether the parties have kept and performed the covenants of the lease has to be determined before it can be found that the plaintiff is under a legal obligation to pay the claims in controversy.

The action of book account has never been understood to be the appropriate action in which to settle such a controversy. If it should be so held, parties might disregard their sealed contracts in selecting their form of action, and all controversies connected with such contracts could be adjudicated in the action of book account. We are aware that the courts in this State have been gradually extending the scope of that form of action so as to embrace business transactions that were once thought not to be within it; but it has never been held that it could supersede the forms of action that have been established and sanctioned by long and universal usage for the enforcement of remedies that were provided for and secured by the sealed contracts of the parties.

The cases relied upon by the defendant in which it has been held that a recovery might be had in the action of book account where property had been sold or services rendered under a special contract, are clearly distinguishable from this. The case of *Huxley*

*v. Carman,* 46 Vt. 462, is a direct authority against the right to recover for the disputed item in an action of book account, and what is said in the opinion in that case as to what might and what could not be recovered in that action is applicable here.

This view is fatal to a recovery for those items in this action and renders it unnecessary to pass upon the questions of evidence that are presented by the report. We do not think it best at this time to give a construction to the lease; that can be more appropriately done when an action is brought upon it that requires it.

The judgment is reversed, and judgment for the defendant under his plea in offset, for forty dollars and twenty-six cents, and cause remanded.