JAMES B. COLE *vs.* BENJAMIN HADLEY.

Middlesex.    November 15, 1894. — January 3, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Deed — Easement — Right of Way — Contract to work Way for Travel —*
*Estoppel — Statute of Frauds.*

The grantee of land bounded on a street owned by the grantor and extending to a public street acquires by his deed a right of way to the latter street over the grantor's land as the way is defined on that land when the deed is delivered, but the grantor is not bound to work the way so that it shall be fit for travel, unless he has promised so to do; and such promise may be shown by oral evidence.

The grantee of land bounded on a private street acquires by estoppel a right of way in the street against the grantor and his heirs and assigns only when the grantor owns the street or has the right to grant such an easement in it; and an oral agreement by the grantor to give the grantee a right of way over land of other persons is within the statute of frauds, Pub. Sts. c. 78, § 1, cl. 4.

FIELD, C. J.    This is an action of contract to recover damages for the breach of an alleged agreement to lay out and construct a certain private way of the width of thirty-five feet in Everett, called Ashton Street.    We construe the alleged agreement to be an agreement to lay out and construct such a way for the use of the plaintiff in connection with the lot of land conveyed to him. The defendant conveyed to the plaintiff a lot of land by deed dated November 10, 1891, and delivered on or about July 26, 1892.    The description of the land in the deed so far as material is as follows: "Beginning on Ashton Street so called, leading out of Ferry Street at a point 110.9 feet distant northeasterly from the intersection of the southerly line of Ashton Street with the northeasterly line of Ferry Street; thence running northeasterly by the southeasterly line of Ashton Street fifty feet; thence southeasterly at right angles with Ashton Street 132.3 feet more or less, to land formerly of Oakes, now of Ellen Rus-

sell; thence," etc.   The defendant owned a strip of land thirty feet wide on the northwesterly front of the lot conveyed extending to Ferry Street, but beyond this thirty-foot strip the land belonged to other persons.   The defendant testified " that he agreed to grade down the said street called Ashton Street, and to give a strip of land thirty feet wide for the same, but did not agree to build the same of any specified width," and he offered evidence that he had graded the street to about the grade of Ferry Street, which was a public street, making excavations in some places of ten feet in depth, and had wrought the way " so that, allowing for the slope of the bank, the width of the travelled part of the way varied when complete from about twenty-five to twenty-eight feet between the plaintiff's lot and Ferry Street."   The plaintiff testified that the defendant agreed " to put in a street there thirty-five feet wide," and offered evidence that the way which had been built was " about the same as a pasture or potato bed."   There was no written agreement or memorandum in relation to the laying out or building of the street except the description of the land in the deed, which has been quoted.   The width of Ashton Street was not given in the deed, and there was no reference to any plan or to the street except in the description of the lot of land.   The plaintiff testified that when the agreement was made there was no street, but simply a field or pasture.   When the deed was delivered, the street apparently had been sufficiently wrought to define its width on the ground.

The defendant's counsel requested, among others, the following instructions to the jury:  " That an agreement to sell a right of way or easement in Ashton Street, or Cole Avenue, is an agreement to sell an interest in land, and by the statute of frauds must be in writing, and signed by the defendant or by some person by him duly authorized.   That as to the plaintiff's rights in Ashton Street, or Cole Avenue, so called, the deed from the defendant to the plaintiff must determine the plaintiff's right, and a previous verbal agreement or understanding, if any, was by the acceptance of the deed waived or merged therein; at all events, that the facts are evidence of a waiver."   The court refused to give these instructions, and the defendant excepted. The bill of exceptions recites that the court instructed the jury

on the subject of waiver, and gave other instructions appropriate to the case, to which no exception was taken.

The plaintiff by his deed acquired a right of way by estoppel over Ashton Street as it existed on the grantor's land at the time of the delivery of the deed, and it was competent to show by oral evidence that the defendant promised to grade and work this street so that it should be fit for travel. *Durkin* v. *Cobleigh*, 156 Mass. 108. But by the deed the plaintiff acquired no right of way over the land of other persons than the grantor, and an agreement by the defendant to give the plaintiff a right of way over the land of other persons is within the statute of frauds, as a contract for the sale of an interest in land. An easement of a right of way can be created only by grant or prescription. *Morse* v. *Copeland*, 2 Gray, 302. It is by estoppel that the grantee of land bounded on a street gains a right of way in the street against the grantor and his heirs and assigns, and this only when the grantor owns the street, or has the right to grant a right of way in the street. If the grantor does not own the way or street, there is no implied covenant that there is such a way or street. *Howe* v. *Alger*, 4 Allen, 206. As the alleged agreement extended beyond the right of way created by the estoppel, we think that the exceptions should be sustained, although the precise point we have decided does not appear very clearly in the exceptions.

*Exceptions sustained.*

*D. P. Bailey*, for the defendant.
*J. H. Fiske*, for the plaintiff.