WINSLOW  H.  COOK  *vs.*  JOSEPH  W.  LITTLEFIELD.

Androscoggin.    Opinion December 16, 1903.

*Contracts*, Reference to Plans.   *Evidence*, Independent Contracts.   *Exceptions*,
Harmless testimony.

When a written contract refers to a plan that is not annexed or otherwise
identified and two plans are offered in evidence, it is for the jury to
determine which one is the plan thus referred to.

Exceptions do not lie to the admission of harmless testimony, nor when
they fail to show that the excepting party has been aggrieved, nor when
the testimony does not contradict a written contract between the parties.

An independent verbal contract relating to its subject matter, but not incon-
sistent with it, may be shown.

*Held;* that the case is not obnoxious to the objection of an attempt to vary
a written contract by parol evidence of a different understanding at the
time it was made.

Exceptions by plaintiff.    Overruled.

Assumpsit on account annexed and money counts, to recover for
labor and materials furnished to the defendant by the plaintiff in the
erection of a set of buildings.    There was a written contract, refer-
ring to a plan, but not designating the plan by any designating mark.
At the trial of the case, the plaintiff offered one plan in two parts,
which he claimed as the one referred to in the contract; and the
defendant offered a different plan, which he claimed to be the one
referred to.

It was claimed by the plaintiff that according to the plan offered
by him as the true one, certain work done by him was extra, for
which he should recover.    And, on the other hand, the defendant
insisted that the plan offered by him was the true one, and that accord-
ing to this plan, the several items claimed as extras by the plaintiff
were included in the contract, and that the plaintiff should not be
allowed for them as extras.

The defendant further claimed that under the plan offered by him, certain work required by said plan was left undone by the plaintiff, and was afterwards done by the defendant at his own expense, for which he claimed allowance as against the plaintiff's demand.

The verdict was for the defendant and the plaintiff took exceptions to the admission of certain testimony introduced by the defendant.

*S. M. Furnum, Jr.; H. W. Oakes, J. A. Pulsifer and F. E. Ludden,* for plaintiff.

Here was a written contract. If the subject matter of the question was covered by the contract, clearly the witness could not give parol testimony as to the contract; it would be immaterial. If not covered by the contract, it was manifestly improper.

The writing must speak, and cannot be varied, explained or modified by contemporaneous parol evidence. *Sylvester* v. *Staples,* 44 Maine, 496; *McLellan* v. *Cumberland Bank,* 24 Maine, 566; *Madden* v. *Tucker,* 46 Maine, 367; *Stevens* v. *Haskell,* 70 Maine, 202; *Knowlton Car Co.* v. *Cook,* 70 Maine, 143; *Chadwick* v. *Perkins,* 3 Maine, 399; *Allen* v. *Kingsbury,* 16 Pick. 235; *Goddard* v. *Cutts,* 11 Maine, 440; *Marshall* v. *Baker,* 19 Maine, 402.

Even if something had been inadvertently omitted from the contract, this omission cannot be remedied by such testimony. The principle has often been stated by our court.

"No rule of law is better settled by law, or more easily sustained upon principle, than that where parties have thus committed their bargain to writing, that writing must govern. They will not be permitted to introduce contemporaneous parol evidence that they meant something else, or that other conditions, stipulations, or requirements were inadvertently omitted, or agreed to be incorporated into the contract." *Millett* v. *Marston,* 62 Maine, 477; *Williams* v. *Robinson,* 73 Maine, 186, and cases cited.

The answer to the question objected to, in this case, gives a contract covering the whole second story of the building in question, a portion which did not appear at all on the defendant's plan, although shown fully on plaintiff's plan.

The same objections apply to the second question to the same witness.

*H. E. Coolidge and W. H. Newell,* for defendant.

A verbal contract was entered into between the plaintiff and defendant by which the plaintiff was to build a house for the defendant. Later an outline of this agreement was made and signed by the parties, in which details were almost entirely omitted. It was not therein stated whether the house was to be a one story or a two story house, nor were the rooms of the second story shown; the piazza was named but nothing said as to its trimmings or adornment; nothing was said as to the doors or finishing of the stable except that there were to be two box stalls; in other words there was a complete and entire verbal agreement, a part only of which was reduced to writing. Mr. Cook, the plaintiff, built a two story house as far. as he went.

Plaintiff must have, at least, agreed upon this outside the contract so-called, and if that much was agreed upon there certainly was an agreement as to the rooms, as they were not in the contract even mentioned. The arrangement of the rooms could be proved by parol, showing as it does the whole contract.

*Neal* v. *Flint,* 88 Maine, 72; *Bradstreet* v. *Rich,* 72 Maine, p. 236; *Thomas* v. *Loose,* 114 Pa. St. 35.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, SPEAR, JJ.

STROUT, J. Exceptions to the admission of certain testimony.

Plaintiff contracted with defendant to build a set of buildings for him. The contract was reduced to writing, but from it it is impossible to ascertain whether the house was to be one or more stories, nor how many or what size the rooms were to be, nor the details of finish. It referred to a plan, which thereby became a part of the contract, and if the two would clearly show how the contract was to be executed, parol proof of previous talk or agreement would be inadmissible. The written contract and plan would govern. But there was a dispute as to the plan. The plaintiff offered one, and the defendant another and different one. It was for the jury to say which was the plan referred to in the contract. The jury apparently adopted

the plan offered by the defendant. Even that plan fails to show in detail all that should be done, or was necessary to be done to complete the house and barn. It is evident that the parties contemplated something more than is disclosed by the written contract and the plan. In this condition of the evidence, defendant was allowed to show by the testimony of Nellie Littlefield as follows:—

Q. "What, if any, difference was there to be between the rooms of the upper and lower stories, if you know?

A. The difference in the upper story was simply that there was to be no bath room up stairs. The rooms up stairs were to be the same as the rooms down stairs, except the room over my dining room was to be made for a kitchen, and the room over the kitchen up stairs was to be for a sleeping room."

It does not appear by the exceptions that the actual finish of the rooms did not correspond with this statement, nor if it did not, that the result was not satisfactory to the defendant. Nothing in the exceptions shows that the defendant was in any manner aggrieved by the admission of the testimony, which did not contradict the written contract. Apparently the testimony was harmless. This exception, therefore, cannot be sustained.

Miss Littlefield further testified that in the negotiation and agreement for the construction of the house, that plaintiff "was to put a balustrade around the bottom (of the piazza) and he left a few of the top pieces, the rail,—I do not know what you call them,—that go on the piazza. They were up there when he left the house. He was to put a frieze at the top. I also spoke to Mr. Cook about the entrance, where we come in from the entrance of the piazza, what we could have, and we spoke about having a circular work for that, but that wasn't put in,—it was only just simply the plain frieze that was put in, but Mr. Cook agreed to put the balustrade in. He also agreed to put in the lattice work."

The plan indicated a piazza, and it would fairly be implied that it was to be finished in a workmanlike manner. The plaintiff apparently so understood it, as he furnished a rail and some top pieces adapted for a balustrade. The talk the witness had with Cook about circular work, etc., is of no moment, as the witness does not say

there was any agreement about them. She says he agreed to put in the lattice work, but does not say it was not put in.

The testimony of the carpenter Shea, was in answer to the question, "What was left undone to complete it (the building) according to the plan?" This question to an experienced carpenter was clearly admissible. It confined him to the plan, and what that called for, and he stated what was not done which the plan required. We see no objection to this question, nor to the answer to it.

An independent verbal contract, relating to its subject matter, but not inconsistent with it, may be shown. It does not impair or vary the written contract. Miss Littlefield does not state when the agreement as to balustrade and lattice was made. For aught that appears, it may have been made after the written contract was executed. If so, it was clearly admissible. But if made at that time, as an independent arrangement, it is not inconsistent with the written agreement, and seems in fact consistent with defendant's plan, which shows a piazza, which by necessary implication was to be complete and finished, and which was so understood by the plaintiff, as he furnished a rail for it.

The case is not obnoxious to the objection of an attempt to vary a written contract by parol evidence of a different understanding at the time it was made. *Gould* v. *Boston Excelsior Co.*, 91 Maine, 214, 64 Am. St. Rep. 221.

*Exceptions overruled.*