D. R. ROOF, TRUSTEE *v.* FRED L. JERD.

February Term, 1929.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and WILLCOX, JJ.

Opinion filed May 11, 1929.

*Fred B. Thomas* and *Ernest E. Goodrich* for the plaintiff.

*March M. Wilson* and *Raymond Trainor* for the defendant.

Powers, J.   The plaintiff was selling lots in an undeveloped tract of land called Oleander Park, situated about five miles

north of Sarasota, Florida. He maintained an office in the city of Bradenton, in which were employed several clerks and assistants, among whom was E. D. Cameron. George Jerd, a brother and agent of the defendant, called at this office, and there met the plaintiff and Cameron, and was shown a blueprint of Oleander Park, laid out into streets, lots, avenues, and canals. Together with Cameron and one Mazzalini, George Jerd visited the park and looked over the lots. They returned to the office, and Cameron there promised and agreed that if Jerd would buy lots Nos. 42 and 43 on the print, Roof woud develop the tract by building streets and sidewalks, and providing water lines, sewers, and electric lights. Roof was present in the office during this conversation, sitting at a desk some ten or fifteen feet away; and while it is not definitely shown that he heard it, it was a fair inference that he did, for he surely paid enough attention to it so that when the deal was completed, he came over and congratulated the fortunate buyer. Relying upon Cameron's promises, George Jerd bought the two lots above mentioned in the name of the defendant for $2,800. The latter has paid one-half of this sum, and given notes for the balance. The improvements promised by Cameron have never been made.

The plaintiff brought suit on the notes, and the defendant declared in offset for damages resulting from the failure to make the improvements specified. He recovered thereunder a balance of $400, and the plaintiff excepted.

The case, it will readily be noticed, differs from *Citizens Savings Bank & Trust Co.* v. *Paradis & Sons, Ltd. Inc.*, 102 Vt. 114, 146 Atl. 3, in that the parol contract here involved did not relate to the notes given, but to the development of the whole tract. The validity of the notes was not here called in question; the amount due thereon was not disputed. An offset was asserted. The evidence of the contract made by Cameron in behalf of the plaintiff was wholly parol, and was objected to on the sole ground that it was inadmissible under the parol evidence rule.

█ Though this rule is very familiar to the courts, in applying it and its so-called exceptions, they have been much perplexed and have reached conflicting results. Sure it is, that the rule does not exclude parol proof of a prior or contemporaneous oral contract that is independent of, collateral to, and not inconsistent with the written contract, though it relates to the

same general subject-matter and grows out of the same transaction. *Green* v. *Randall,* 51 Vt. 67, 71; *Buzzell* v. *Willard,* 44 Vt. 44, 48; *Cook* v. *Littlefield,* 98 Me. 299, 56 Atl. 899, 901; 10 R. C. L. 228. It all depends upon how closely the oral contract is bound to the writing. Williston, Contracts, § 637. It is said, too, that the policy of the acting court is for consideration. *Mitchill* v. *Lath,* 247 N. Y. 377, 160 N. E. 646. Our own cases, as will hereinafter appear, have been very liberal in construing the rule.

■ That the agreement relied upon by this defendant belongs to the class of contracts to which the rule does not apply, we have no doubt. It does not in any way affect the written contract or impair its force or effect. It merely shows an undertaking on the part of the plaintiff not shown by the writing, but collateral to it and independent of it. The bond between the two is that the contract of purchase was the consideration of the parol promise only.

The Massachusetts cases are especially interesting and instructive in this connection. In *McCormick* v. *Cheevers,* 124 Mass. 262, the oral contract was for the filling of the land sold. In *Durkin* v. *Cobleigh,* 156 Mass. 108, 30 N. E. 474, 17 L. R. A. 270, 32 A. S. R. 436, *Cole* v. *Hadley,* 162 Mass. 579, 39 N. E. 279, and *Drew* v. *Wiswall,* 183 Mass. 554, 67 N. E. 666, the oral agreements were to grade a street. In *Carr* v. *Dooley,* 119 Mass. 294, the oral agreement was to construct a sewer. In each of these cases, the oral agreement was sustained on the ground that the contract was independent and could be shown by parol. *Anderson* v. *American Suburban Corporation,* 155 N. C. 131, 71 S. E. 221, 36 L. R. A. (N. S.) 896, resembles the case in hand very closely. There, the selling corporation had a tract of land which it had divided up into lots. These were being sold by an agent. This agent promised a purchaser that if he would buy certain of these lots, the corporation would build a street car line to them, put in granolithic sidewalks, extend the water main, and make other improvements on the tract. The sale was made, and made by way of an executory contract. The corporation failed to make good the promise. But the agent there seems to have had a rather unusual sense of honor for one engaged in that kind of an occupation, for when the corporation

refused to perform, he took an assignment from the deluded purchaser, and himself sued the corporation. It was held that the oral contract was binding upon the corporation, that it was independent of the written contract, and that it could be proved by parol. Several North Carolina cases are cited as authority for this holding.

That cases to the contrary are to be found cannot be denied. But these above referred to are in closer harmony with our own cases wherein similar questions have arisen. Thus, in *Buzzell* v. *Willard*, 44 Vt. 44, the question was whether parol evidence that at the time a certain mill was deeded by the defendant, he agreed that he would bear the expense of a new water wheel, if the one in service was not suitable, was properly admitted. The objection was that the sale of the mill was by deed, and that parol evidence could not be received to alter it. But it was held that the evidence did not affect the deed as a conveyance, and established an independent agreement collaterally connected with the sale, and was properly admitted. In *Proctor* v. *Wiley*, 55 Vt. 344, one of the items sued for was rent of a sugar place not covered by the lease between the parties. The defendant was permitted to prove by parol that on the day the lease was made, in order to induce him to execute it, the plaintiff told him he could have the use of the plaintiff's sugar lot on another farm called the Bartlett farm. It was held that this evidence was admissible. Much the same thing was held in *Armstrong* v. *Cavanagh*, 183 Iowa, 140, 166 N. W. 673, 25 A. L. R. 784. See, also, *Webber* v. *Lavanger*, 79 N. H. 3, 103 Atl. 1050, 25 A. L. R. 773.

■■ We make no reference to *Taylor* v. *Gilman*, 25 Vt. 411, *Adams* v. *Smilie*, 50 Vt. 1, or *Redfield* v. *Gleason*, 61 Vt. 220, 1 Atl. 1075, 15 A. S. R. 889, for these cases were in chancery, where the rule does not prevail to the same extent as at law. There was no error in submitting to the jury the question of Cameron's authority. Direct proof was not necessary. *Woodhouse* v. *Woodhouse*, 99 Vt. 119, 130 Atl. 758. It was a reasonable inference from the evidence that he was authorized to make the contract for the plaintiff. And if not, the jury could reasonably find that the plaintiff heard all that was said in the office, in which case his silence would work an estoppel.

The argument objected to, while it was not of a character to be commended, had not proceeded far enough to make it prejudicial, and the exception to it is not sustained.

*Judgment affirmed.*