**DRUXMAN et al. v. RENHARD et al.**
**No. 6979–A.**

District Court, Alaska
First Division, Juneau.
.July 31, 1954.

Frank M. Doogan, Faulkner, Banfield & Boochever, Juneau, Alaska, for plaintiffs.

Mildred R. Hermann, Juneau, Alaska, for defendants.

FOLTA, District Judge.

The complaint alleges that in August, 1953, the defendants agreed to buy real property from the plaintiffs; that in November, 1953, they breached the contract by failing to make an installment payment; that, after a forcible entry and detainer action, which had been instituted in the Justice Court, was dismissed without prejudice after the property was repossessed, because of plaintiff's inability to obtain service of process on the defendants, the plaintiffs commenced the instant action for damages sustained and costs incurred in the Justice Court.

In their counterclaim the defendants allege a breach of a contemporaneous oral agreement to provide an adequate water supply for domestic purposes and that the consideration therefor was the main agreement; and in Paragraph IV allege that they have been "harassed and annoyed with unnecessary and unwarranted suits and attachments, humiliating and embarrassing them, and causing them loss of credit and financial standing in the community, and in this manner have done considerable damage to their good names, and their reputations," and pray for damages in the sum of $1,000.

The quoted allegations refer to the action in the Justice Court and the attachment of defendants' property in aid thereof.

The questions presented are:

(1) Whether the defendants are entitled to any relief under Paragraph IV of the counterclaim; and

(2) Whether evidence of such oral agreement is admissible under the parol evidence rule.

■ Assuming that the defendants intended to set forth a claim for malicious prosecution, or wrongful attachment under Section 55-6-63, A.C.L.A. 1949, it is apparent that the allegations are insufficient. Not only is there no allegation of malice and want of probable cause or of facts from which these elements, so essential to a claim for malicious prosecution, may be inferred, but, by admitting their failure to make payments under the contract, the defendants have admitted the existence of probable cause. It should also be noted that the dismissal of the forcible entry and detainer action in the Justice Court without prejudice, after partial relief had been obtained, and upon the commencement of the instant action, does not constitute a termination in favor of the defendants—a third essential element of a claim for malicious prosecution.

■ So far as a claim for wrongful attachment is concerned, since the defendants have failed to plead the undertaking and damages in more than double the amount of the undertaking are asked, I am of the opinion that no claim is stated under the Code. It remains to be seen whether the allegations are sufficient to support a common law action for unlawful attachment. An examination of the authorities discloses that there is a split on the question whether malice and want of probable cause are essential to the statement of such an action, the majority holding that malice is not an essential element, and the minority to the contrary. Annotation 85 A.L.R. 659, 661.

■ Since the minority rule was followed in Oregon before the adoption of the attachment law of Alaska from that jurisdiction, Mitchell v. Silver Lake Lodge No. 84, 1896, 29 Or. 294, 45 P. 798, it follows that that rule must be followed here, Jansen v. Pollastrine, 10 Alaska 316, and that the motion to dismiss the defendants' counterclaim should be granted.

The question of the admissibility of contemporaneous agreements in situations like that here under consideration is one that has been a vexing one for the courts. 3 Williston, Sec. 637, Rev.Ed. In dealing with it two major tests have been laid down—the strict test exemplified by Mitchill v. Lath, 1928, 247 N.Y. 377, 160 N.E. 646, 68 A.L.R. 239, and the liberal test exemplified by Roof v. Jerd, 1929, 102 Vt. 129, 146 A. 250, 68 A.L.R. 235. Since the question is an open one in this jurisdiction, it will be necessary to evaluate these tests and adopt the one which will, in the judgment of the Court, more effectually promote the ends of justice.

The strict view is easy to apply, but appears to be unnecessarily harsh on the casual purchaser. In Mitchill v. Lath, supra [247 N.Y. 377, 160 N.E. 647], the defendants orally promised, for and in consideration of the purchase of their farm by the plaintiff, to remove an unsightly ice house located on different land across the street. In holding that the evidence was inadmissible, the Court said:

"Under our decisions before such an oral agreement as the present is received to vary the written contract, at least three conditions must exist: (1) the agreement must in form be a collateral one; (2) it must not contradict express or implied provisions of the written contract; (3) *it must be one that parties would not ordinarily be expected to embody in the writing.*" (Emphasis added.)

The majority held that the third requirement had not been met. It is worthy of observation, however, that in the dissenting opinion it was pointed out that the scope of the written contract was not intended to cover prior negotiations.

This three-fold test was adhered to in South Florida Lumber Mills v. Breu-

chaud, 5 Cir., 51 F.2d 490; Markoff v. Kreiner, 180 Md. 150, 23 A.2d 19; Taylor v. More, 195 Minn. 448, 263 N.W. 537; Thorne v. Edwards, 147 Or. 443, 34 P.2d 640, but given a somewhat liberal interpretation in Ball v. Grady, 267 N.Y. 470, 196 N.E. 402 and Early v. Street, 192 Tenn. 463, 241 S.W.2d 531.

In the case of Roof v. Jerd, supra, exemplifying the liberal rule, the purchaser of two lots was able to show an oral promise by the vendor's agent that, if the purchaser would buy the lots, the vendor would develop the tract by building streets and sidewalks. In discussing the parol evidence rule the Court said, 146 A. at page 251:

> "Though this rule is very familiar to the courts, in applying it and its so-called exception, they have been much perplexed and have reached conflicting results. Sure it is that the rule does not exclude parol proof of a prior or contemporaneous oral contract that is independent of, collateral to, and not *inconsistent with, the written contract,* though it relates to the same general subject-matter and grows out of the same transaction." (Emphasis added.) Citing cases. "It all depends upon how closely the oral contract is bound to the writing. Williston, Contracts, § 637. It is said, too, that the policy of the acting court is for consideration. Mitchill v. Lath, 247 N.Y. 377, 160 N.E. 646, [68 A.L.R. 239]. Our own cases, as will hereinafter appear, have been very liberal in construing the rule."

The liberal rule is succinctly stated in 32 C.J.S., Evidence, § 997, page 970. It requires only that the parol agreement be separate, independent and not inconsistent with the written contract. It appears to be followed in the District of Columbia, Brewood v. Cook, 92 U.S.App. D.C. 386, 207 F.2d 439; California, Cotton v. Riverside Cement Co., 29 Cal.App. 2d 588, 85 P.2d 136; Sickelco v. Union Pacific R. Co., 9 Cir., 111 F.2d 746; Washington, McGregor v. First Farmers'-Merchants' Bank & Trust Co., 180 Wash. 440, 40 P.2d 144; Buyken v. Ertner, 33 Wash.2d 334, 205 P.2d 628.

 In this situation it appears that the question should be resolved upon considerations of policy. In opposition to the liberal view, it is argued that the admission of parol evidence, except under special circumstances, makes for instability in contract relations and confusion in the commercial world. But it would appear that, since commercial transactions are commonplace in the commercial world, those engaged in business or trade would not find the strict rule the pitfall that it is to the casual purchaser who is involved in a transaction of this kind once or twice in a lifetime. I am inclined, therefore, to favor the liberal view as being one that is better designed to further the ends of justice and in harmony with the spirit and injunctions of the Federal Rules of Civil Procedure, 28 U.S.C.A., and the *Model Code of Evidence.*

As to the argumentative denials of the answer, I am of the opinion that they are not prejudicial and, therefore, should not be stricken.