## LE HERISSE v. MEEHAN.

(Supreme Court, Appellate Division, First Department.   May 19, 1911.)

1. LICENSES (§ 63*)—REVOCATION—MEASURE OF DAMAGE.

The measure of damages for unreasonably revoking a license for the removal of a building from land is the value of the building less the expense of removal.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. § 126;  Dec. Dig. § 63.*]

2. DAMAGES (§ 40*)—REMOTENESS.

The incidental profit to be made from the contemplated use of a building is too remote to be recoverable as damages for revoking a license for its removal.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 72–88;  Dec. Dig. § 40.*]

Appeal from Trial Term, New York County.

Action by Eugene Le Herisse against James S. Meehan.  From a judgment on a verdict for plaintiff, and from an order denying a new trial, defendant appeals.  Reversed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Norman P. S. Schloss, for appellant.

Samuel Cohn, for respondent.

SCOTT, J.  [1] There was evidence in this case which, if believed, justified a verdict for the plaintiff, and the legal questions as to his right to recover were satisfactorily disposed of by the trial justice. There is no evidence, however, to sustain the amount of damages awarded, and upon this question a wrong theory seems to have been adopted.  The plaintiff's grievance is that defendant unreasonably revoked a parol license to enter upon his land and remove a frame building therefrom.  The jury, by its verdict, has found that such a license was given and that it was unreasonably revoked.  The damage which plaintiff suffered is represented by the value of the house, if he had been permitted to complete its removal, less the expense incurred in removing it.

[2] The plaintiff was allowed to prove the incidental damage which he claims to have suffered because he was prevented from erecting the house on another lot which he owned, and the award of damages is apparently based upon this evidence, since otherwise it is wholly unsupported by any proof.  In Wetter v. Kleinert, 139 App. Div. 220, 123 N. Y. Supp. 755, a contractor for removing a building sued the owner for damages for not permitting him to complete his contract.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The contractor had made a subcontract for the sale of the materials, and the plaintiff was permitted, at the trial, to prove the profit he would have made upon his subcontract if he had been able to carry it out. This was held to be error; the court quoting the following from Devlin v. Mayor, &c., 63 N. Y. 8:

"Any incidental advantages which the contractor could secure by favorable contracts for parts of the work were not in the minds of the parties, and cannot avail to the party seeking damages for the violation of the agreement. * * * A party is not entitled, in seeking compensation for the loss of gains upon a breach of the contract by the other party, to the benefit of, or to be indemnified against, a contract made with third persons, not in the contemplation of the parties when the agreement was made. The advantages and benefits of the subcontract are quite too uncertain and contingent to be taken into consideration in estimating the profits the original contractor might have made under his contract."

In principle the foregoing rule is applicable to the case at bar. All the defendant had agreed to do was to permit the plaintiff to remove the building from the lot. By unreasonably revoking his permission and demolishing the building, he deprived plaintiff of the value of the building as it stood on the lot, coupled with the right to remove it. What plaintiff expected to do with the building after he had removed it was no concern of defendant, and the incidental profit to be made from some contemplated use is altogether too remote, contingent, and uncertain to be charged against defendant by way of damages.

It follows that the judgment and order appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.