CHARLES F. BALL et al., Appellants, *v.* PETER J. GRADY,
as Administrator of the Estate of JOSEPH P. GRADY,
Deceased, Respondent.

(Argued April 23, 1935; decided May 21, 1935.)

*Charles F. Hulseman* and *Julius Irving Krefetz* for appellants.

*Frederick W. Tuck, Jr.*, for respondent.

CROUCH, J.  On July 31, 1925, Mr. Ball, one of the plaintiffs, and Mr. Grady, the defendant's intestate, entered into a written contract for the purchase and sale of certain premises.  The title was closed by the delivery of a deed on August 27, 1925.

There is evidence that on July 15, 1925, while the parties were in treaty on the premises, a wet patch was found on the cellar floor.  The following conversation then took place: " Mr. Ball says, ' where did the water come from? ' and Mr. Grady said, ' it must have blown in when it was raining, when the man was working there, he must have left the windows open.'  Q. What did Mr. Ball say to Mr. Grady, if anything?  A. He says, ' no matter where the water comes from, if I buy this place, I want the cellar dry and water proof.'  Q. What did Mr. Grady say, if anything?  A. He says, ' if it isn't water-tight, we will make it water-tight.' "

It subsequently turned out that under certain conditions water seeped through the cellar walls.  Mr. Ball expended $1,311 in waterproofing the walls outside.

This action was brought to recover the sum so expended as for breach of an oral agreement collateral to the written contract. At the close of the trial the defendant moved to dismiss the complaint upon the ground that all negotiations regarding any warranties or agreements were merged in the contract and in the deed which followed it.

We assume the agreement as testified to was made. The single question is whether it was affected by the parol evidence rule. Citation or discussion of authorities is not likely to be helpful. However certain and assured the language of judgment in reported cases may be, the question was seldom anything but troublesome. The general test was formulated in the recent opinion of this court by Judge ANDREWS in *Mitchill* v. *Lath* (247 N. Y. 377, 381). A reading of the prevailing and dissenting opinions discloses the difficulties of applying it. In the end, the court must find the limits of the integration as best it may by reading the writing in the light of surrounding circumstances, and by determining whether or not the agreement was one which the parties would ordinarily be expected to embody in the writing.

We, therefore, turn to the circumstances and to the content of the contract. The premises were located at Bayport, Long Island, near the waters of Great South Bay. Plaintiff intended to use them for a summer home. He first inspected the house on July 5, 1925. At that time the cellar was dry. On July 15 he made further personal examination. It was then that the wet place on the cellar floor above referred to was discovered. He also went to the premises on two subsequent occasions before the contract was signed. A witness for plaintiff testified that water seeped through the cellar walls whenever there was a heavy rain or an extra high tide. During the summer water was pumped out of the cellar " a couple of times." An examination of the written contract discloses the care and caution exercised by the purchaser, for in addition to the usual provisions of a

land contract there was inserted an agreement by the seller to do and complete at his own cost work and repairs which included cracks in the foundations, installing door-bells, screening windows, the repair of a hole in the closet floor, cleaning out the brook, building a rustic bridge, installing various lights, fixing up " grounds where pumping has affected them," installing electric fixtures, putting a door at entrance to cellar, connecting water from house to garage, various items of painting, installing a range and certain items of hardware in the kitchen, etc. The occasion of the oral agreement was the proposed sale. The written contract of sale included other undertakings of like character, so that under the circumstances the agreement must be regarded as one that would ordinarily be embodied in the contract of sale and hence so far integrated as to fall within the parol evidence rule.

The judgment should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Judgment affirmed.