B. H. KRUEGER, INC., Respondent, *v.* HEARN DEPARTMENT STORES, INC., Appellant.

First Department, April 22, 1943.

*Louis Rivkin* of counsel (*Jay Leo Rothschild* and *Walter S. Beck* with him on the brief), for appellant.

*Meyer Schiff* for respondent.

*Per Curiam.* It was error to receive parol evidence as to an oral agreement by defendant to take 5,000 boxes within one year, on the theory that it was fairly arguable that the writing on which the parties acted was not an entire contract. The writing, by its terms, limited defendant's obligation to the taking of 5,000 boxes only in the event the defendant decided to change the form of the package. The parol proof received contradicted this written limitation, and could not be said merely to supplement it. " Under our decisions before such an oral agreement as the present is received to vary the written contract at least three conditions must exist, (1) the agreement must in form be a collateral one; (2) it must not contradict express or implied provisions of the written contract; (3) it must be one that parties would not ordinarily be expected to embody in the writing; or put in another way, an inspection of the written contract, read in the light of surrounding circumstances must not indicate that the writing appears ' to contain the engagements of the parties, and to define the object and measure the extent of such engagement.' Or again, it must not be so clearly connected with the principal transaction as to be part and parcel of it." (*Mitchill* v. *Lath*, 247 N. Y. 377, 380, 381.)

The proof here did not satisfy the second of the foregoing requirements, even though it might possibly be said to have satisfied the remaining two.

In the light of our determination that the parol evidence rule was violated, it becomes unnecessary to discuss the remaining questions raised.

The determination of the Appellate Term, and the judgment of the Municipal Court should be reversed, and the complaint dismissed on the merits, with costs to the defendant in all courts.

COHN, J. (dissenting). At the first trial of this case in the Municipal Court, the trial judge excluded testimony offered by plaintiff to support its claim that the written order did not express the whole contract between the parties. Upon appeal, the Appellate Term, in reversing the judgment of dismissal against plaintiff, held that proof of the alleged oral agreement should not have been barred because " it is fairly arguable that the written order is incomplete." From this order of reversal, defendant subsequently moved in this court for leave to appeal. We denied that application.

After a retrial in the Municipal Court, where plaintiff has recovered a judgment, the case is now here by permission following an affirmance of the judgment by the Appellate Term.

In my view, the writing, as indicated by the ambiguous language used in the instrument shows that it did not purport to express the entire agreement between the parties. In such case, parol evidence may be received to supply the terms of the contract not embraced in the writing. (*Thomas* v. *Scutt,* 127 N. Y. 133, 138.) The parol proof here does not contradict, but merely supplements the express provisions of that portion of the contract which is in writing.

A jury upon adequate proof has found that plaintiff was entitled to recover on the contract as alleged in its complaint. That finding should not be disturbed.

The determination of the Appellate Term should be affirmed.

MARTIN, P. J., TOWNLEY, GLENNON and CALLAHAN, JJ., concur in *Per Curiam* opinion; COHN, J., dissents and votes to affirm, with opinion.

Determination of the Appellate Term and judgment of the Municipal Court reversed, and the complaint dismissed on the merits, with costs to the defendant in all courts.