L. M. Berkeley, Plaintiff, *v.* Jean Philpotts, Defendant.

City Court of New York, New York County, August 18, 1943.

L. M. *Berkeley,* plaintiff in person.

*George Fox* for defendant.

McCullen, J. The plaintiff here demands an order granting judgment on the pleadings and other relief, in an action for rent on a lease which has therein a clause providing for an item of damage in the sum of thirty dollars if it is necessary to bring an action to recover the rent. The action was started by the service of a summons upon the defendant on November 3, 1942. The rent was paid by check to the order of the plaintiff on November 5, 1942, just two days later, and the check was cleared through the Corn Exchange Bank & Trust Company (University Branch). A notice of appearance was served on November 9, 1942; the complaint was served on December 8, 1942, and the answer served on December 12, 1942. With the payment of the rent of thirty-five dollars on November 3, 1942, the only remaining item was the thirty dollar item of damages as provided by paragraph No. 15 of the lease.

This court has, in the past, in another case, passed upon the merits of the damage clause in this form of lease and did, in that case, sustain it because of the fact situation therein involved. It cannot sustain it in the present situation. A careful examination of the last part of the lease should clearly indicate the reason therefor. The plaintiff does not deny the payment of the thirty-five dollars rent but did, more than a month after the payment, serve the complaint, only, I assume, to collect the thirty-dollar damage item. It is my opinion that

it was an unreasonable exercise of judgment. The court is fully aware that " An action is commenced against a defendant, within the meaning of any provision of this act * * *, when the summons is served on him * * *." (Civ. Prac. Act, § 16.)

" In order that such a stipulation may be considered as a provision for liquidated damages and enforced, the amount stated must be reasonable and not disproportionate to the probable damages; and must have been based on the principle of just compensation; and be such that it may fairly be allowed as compensation for breach of the contract." (25 C. J. S., Damages, § 108; *Wirth & Hamid Fair Booking* v. *Wirth,* 265 N. Y. 214; *Dairymen's League Co-op. Assn.* v. *Holmes,* 207 App. Div. 429, affd. 239 N. Y. 503.) The present application on its factual history is more in the sense of a penalty. The motion is denied.