Marcus G. Christ, J.
Motion by the defendants, the Bardee Corporation and Hempstead Medical Arts Co., a copartnership, for summary judgment dismissing the second cause of action of the complaint. Cross motion by the plaintiffs to amend the complaint.
The plaintiff, Robert Lemkin, is a dentist. Since 1954 he has been a tenant in a building- formerly owned by the corporate defendant but presently owned by the copartnership defendant. The premises are in the Village of Hemstead, abutting the northeast side of the Long Island Railroad tracks and the easterly side of Hilton Avenue.
The second cause of action alleges inter alia that on or about June 1, 1953, the corporate defendant “ duly executed and delivered to the Village of Hempstead an instrument designated a declaration of trust wherein and whereby the said defendant for a valuable consideration imposed certain restrictions upon the use of its land therein described for a period of ten years from the date ” thereof.; that in those restrictions it was provided that on the most easterly portion of the plot a building would be erected “to be known as the Medical Center and to be used as a building devoted to medical, dental, hospital and allied purposes,” and that “the most westerly two hundred feet ” of the plot would be maintained as a private park for a period of 10 years; that no new building would be erected on the premises other than the structure then contemplated for the easterly portion for a period of 10 years from the date of recording of the instrument in the office of the County Clerk of Nassau County, that this declaration of trust was recorded in the County Clerk’s office on June 26, 1953; that a building was erected *1005 thereafter on the easterly portion of the land; that the premises were subsequently conveyed to the defendant copartnership subject to the aforesaid declaration of trust; that on July 3, 1958, the defendant filed plans for the construction of two multiple-family dwellings on the westerly portion of the land. It is also alleg’ed that since 1954 various physicians and dentists have occupied quarters in the present building under written leases for terms of at least 10 years; that in 1954 the plaintiff, a dentist took occupancy of an apartment under a 10-year written lease; that the plaintiff, the physicians and the other dentists took occupancy “upon the representation and promise of the corporate defendant that the land lying between said professional building and Hilton Avenue * * * would not be obstructed for a period of ten years from the 26th day of June, 1953 ”; that the proposed buildings on the westerly portion of the plot will violate not only the declaration of restrictions but ‘ ‘ the aforesaid condition upon which said leases were entered ’ ’; that the erection of the proposed buildings will obstruct the view of the present building, diminish the prestige value, and cause substantial loss of income to the present professional tenants. Based upon those allegations an injunction is sought restraining the erection of the proposed buildings.
The defendant movants submit only a copy of a lease and a brief. It is the contention of the movants that as the terms of the lease do not include any representations respecting the westerly portion of the premises nor any reference to the declaration of restrictions, the plaintiff, Robert Lemkin, under the parol evidence rule, will not be able to prove his cause of action. In support of their contention, they cite Fogelson v. Rackfay Constr. Co. (300 N. Y. 334).
An examination of the lease reveals (1) the absence of any reference to the aforesaid declaration of restrictions and representations and (2) the presence of clauses to the effect that the lease contained the entire agreement of the parties.
According to the Fogelson case (supra), the parol evidence rule was designed (p. 338) “ to permit a party to a written contract to protect himself against perjury, infirmity of memory or the death of witnesses ’ * * * ” but “ Decision in each case must, of course, turn upon the type of transaction involved, the scope of the written contract and the content of the oral agreement asserted. As this court expressed it, ‘ in the end, the court must find the limits of the integration as best it may by reading the writing in the light of surrounding circumstances, and by determining whether or not the agreement was one which the parties would ordinarily be expected to embody in the writing.’ (Ball v. Grady, supra, 267 N. Y. 470, 472.) ”
*1006 In the Fogelson ease {supra), a lease was involved containing a clause similar to those contained in the plaintiff’s lease. The factual situation was, however, quite different. There the plaintiff tenants contended that the manager of the building orally promised before their leases were executed that they would be provided with free bus service to the subway, a mile away, and to the public schools, a half mile away from the premises. It was held that (pp. 338-339) “where the promise relates to a matter so closely touching upon the landlord-tenant relationship as the landlord’s obligation to supply an assertedly essential service ■— at least, where, as here, it is rendered off the premises — the promise must be embodied and contained in the lease itself.”
But in the instant case, the cause of action does not involve a service to be rendered to the tenant. We are here concerned with the use of another part of the same parcel of property. Many cases have been decided in support of the proposition that an easement may be created by implication or representation. To cite just a few, there are Phillips v. West Hockaway Land Co. (226 N. Y. 507); Hofmann v. Hofmann (172 Misc. 378, affd. 259 App. Div. 820, mod. 283 N. Y. 730).
In the Phillips case {supra), the defendant as (p. 515) “ an inducement to plaintiff to purchase the lots represented that there would not be anything between the lots sold and the ocean except a boardwalk ”. Neither the contract nor the deed contained any such representation but proof of the representation was admitted. It was held further (p. 515) that “At time of the sale and as part of the same transaction defendant subjected the land south of plaintiff’s lots to a permanent, open and continuous service or easement in favor of the part sold to plaintiff, save that defendant might erect a boardwalk thereon.”
In the Hofmann case (supra) the plaintiff sought an injunction preventing the erection of an apartment house upon adjoining property contending that prior to the purchase of the plaintiff’s property it was represented that all of the tract of land being developed by the seller was to be used exclusively for private residences. These representations were made orally and by advertisements, circulars and pamphlets. “ None of the contracts or deeds, however, contain covenants on this subject ” (172 Misc. 378, 381, supra). Nor was there a filed map showing a uniform plan of development, but the Court of Appeals wrote (283 N. Y. 730, 731) “ The representations contained in the advertisements coupled with the oral representations entitle the plaintiffs to injunctive relief ”.
Since “in the light of surrounding circumstances” it was not held in the Phillips case (226 N. Y. 507, supra) and the Hof *1007 mann case (supra) that the representations therein should have been contained in the agreements and the deeds, it follows that in the instant case, where similar facts are involved, reference to the declaration of restrictions or the representations need not have been made in the lease to be binding on the defendant movants.
Accordingly, the motion of the defendants is denied. The cross motion of the plaintiffs to include (1) in the second cause of action an allegation that the lease failed to include the representation by mistake and (2) in the prayer for relief a request for reformation of the lease is granted.
Settle order on notice.