ROBERT LEMKIN et al., Respondents, v. WILLIAM O. GULDE et al., Defendants, and HEMPSTEAD MEDICAL ARTS Co., Appellant.— In an action for a judgment declaring, *inter alia*, that a cancellation of a certain declaration of trust by the Village of Hempstead was invalid (1st cause of action), and enjoining any further acts toward the construction of apartment houses on the property involved (2d cause of action), the appeals are (1) from an order entered February 16, 1959 denying appellant's motion for partial summary judgment dismissing the second cause of action, and granting respondents' cross motion to amend the second cause of action by adding thereto an allegation that an oral understanding was omitted from the lease as the result of mutual mistake and to add a prayer for relief for reformation of said lease, and (2) from so much of an order entered May 22, 1959 as resettled the order entered February 16, 1959. Order entered May 22, 1959 insofar as appealed from affirmed, with $10 costs and disbursements. No opinion. Appeal from order entered February 16, 1959 dismissed, without costs. (*Matter of Lee*, 6 A D 2d 897.) Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur. [16 Misc 2d 1003.]

ANTHONY LORE, Respondent, v. BALTIMORE & OHIO RAILROAD COMPANY, Appellant, et al., Defendant.— In an action by an employee against his employer and a fellow employee, under the Federal Employers' Liability Act (U. S. Code, tit. 45, § 51 *et seq.*), to recover damages for injuries resulting from an assault by the fellow employee, the employer appeals from a judgment entered on a jury verdict for $175,000, in favor of the employee against his employer and the fellow employee. Judgment insofar as it is in favor of respondent and against appellant reversed upon the law and the facts, with costs, action severed, and complaint dismissed as to the appellant. Accepting as true the proof adduced by respondent, the following are the essential facts: Appellant operates a pier on the North River in the Borough of Manhattan, City of New York. Respondent was employed by appellant as a special railroad patrolman. On February 10, 1955, about 10 or 15 minutes before 7:00 P.M., respondent engaged one William Moore in conversation as Moore arrived at the pier. Moore was a foreman, also employed by appellant, of a gang of freight handlers. Neither respondent nor Moore had jurisdiction or supervision over the other. Moore's tour of duty did not commence until 7:00 P.M. Respondent asked Moore if he would have some of his men move freight on the pier. Moore replied that he had to go up to check men in and out. Respondent said that he understood that. Respondent merely asked Moore if he could show Moore where the freight was located. Respondent did not touch Moore. Moore said "I can't be bothered with that now" and "I don't have to take that stuff from you" and thereupon assaulted respondent. There is nothing in the proof which would enable a jury to find that the assault had been committed by Moore within the scope of his employment so as to render appellant liable under the doctrine of *respondeat superior* (*Sheaf* v. *Minneapolis, St. P. & S. S. M. R. Co.*, 162 F. 2d 110). Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.