Fred J. Munder, J.
The complaint sets forth two causes of action for breach of contract. In the first cause of action the contract was for the erection of a one-car garage for the sum of $1,600. As to this plaintiff sues for $552, basing the claim on a clause of the contract which provides for liquidated damages of 30% of the total contract price and an additional 15% for attorney’s fees. In the second cause of action plaintiff claims full performance of a contract to install a walk and fences, the total price of which was $1,360. Plaintiff also asks a 15% attorney’s fee on this item.
The defendants are people of modest means who only recently acquired their home. The plaintiff is a sales concern, set up to procure contracts and then to farm out the work. Undoubtedly because of the persuasiveness of plaintiff’s agent the defendants entered into what to them are most improvident contracts. In a law court, however, they may not be relieved from their improvidence because of sympathetic considerations. Relief may be afforded only if their legal defenses are tenable.
As to the first cause of action there is no claim or evidence that any work was done or any materials delivered. On defendants ’ demand, because dissatisfaction with the work on the other contract, that this contract be cancelled plaintiff made no effort to perform the work. It simply abandoned the contract and sued for the stipulated liquidated damages.
*364 “ Liquidated damages constitute the compensation which, the parties have agreed, must be paid in satisfaction of the loss or injury which will follow from a breach of contract. They must bear reasonable proportion to the actual loss. (Seidlitz v. Auerbach, 230 N. Y. 167.) Otherwise an agreement to pay a fixed sum, upon a breach of contract, is an agreement to pay a penalty, though the parties have chosen to call it ‘ liquidated damages,’ and is unenforceable.” (Wirth & Hamid Fair Booking v. Wirth, 265 N. Y. 214, 223, Lehman, J.)
There was no evidence offered to justify a finding that 30% of the contract price was a reasonable basis for determining the loss of profits to plaintiff on this contract. (Weatherproof Improvement Contr. Corp. v. Kramer, 12 Misc 2d 100.)
As to the second cause of action, it is alleged that plaintiff has fully performed all the terms of the fence contract on its part to be performed. The plaintiff’s own proof shows that the contract was only partially completed. It called for the erection of 323 feet of chain link three-foot fence, 182 feet of three-foot picket fence, two gates and a concrete walk for a total price of $1,360. The chain link fence was installed but in a manner unsatisfactory to the defendants in that it followed a level plane rather than the contour of the ground. The picket fence, delivered in prefabricated sections, I find on the evidence was of poor quality lumber and full of splits. About one third of it was installed when defendant stopped the work. Plaintiff did nothing toward making any corrections and about a year later the picket fence was removed. Plaintiff’s officer said that he did not remove the fence but on the proof I am satisfied that it was removed by the subcontractor who was hired by the plaintiff to install the fences. Thus all the defendants have is 323 feet of chain link fence.
Here the complaint alleges full performance, plaintiff claiming that it so substantially completed the contract as to constitute full performance. There is no allegation that it was excused or prevented .from performing the work nor did it attempt to prove any such theory. But the defects in performance, I find, were not insubstantial in which case they might be overlooked. They related to a major portion of the work contracted to be done. Under these circumstances plaintiff may not recover on this complaint alleging full performance.
“ It is the well recognized general rule that to entitle a party to recover on an entire contract, where performance on his part is a condition precedent to his right to enforce the contract, he must show a full performance on his part or some valid excuse therefor; no recovery is allowed for a part performance when *365 full performance is not excused, though such part performance may result in a benefit to the other party.” (2 Clark, New York Law of Contracts, pp. 1457-1458.)
The complaint is dismissed.
This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.