Edwin Kassoff, J.
Plaintiff, a figure reducing salon, brought this action to recover $300 in damages for breach of contract.
Plaintiff’s salon provides a program of food counseling and reducing sessions designed to assist its customers in losing a desired amount of weight. Defendant, a housewife, testified that she was five or six pounds overweight and decided to visit one of plaintiff’s salons after seeing its advertisements on television. On March 30, 1972, she went to plaintiff’s salon on Hillside Avenue, Queens and discussed her desire to lose weight with plaintiff’s manager, Bruce McElroy. Defendant then executed a printed form contract- which stated that Nu Dimensions would provide her with a program of 190 reducing sessions, each session lasting one-half hour. The program was to be completed within 12 months, and its cost was $300, which was to be paid in 10 successive monthly payments of $30 each. The first payment was due on April 20, 1972.
Paragraph 5 of the contract stated in part that “ the sessions purchased are not transferable, refundable- or cancellable.” Defendant testified that she was told by the manager, before executing, the contract, that she could discontinue the program at any time. However, she was not told that she would have to pay for all the lessons. She also testified that she signed the contract after being subjected to extreme sales pressure. Later that day defendant sent a letter to the plaintiff requesting that the contract be canceled; plaintiff refused. At the time defendant sought to cancel the contract, she had not attended any of the sessions or made any of the installment payments.
The court will first consider defendant’s attempt .to cancel the contract by sending a letter to the plaintiff on the same day she executed the contract. Article KkA. of the Personal Property Law, the “Home Solicitation Sales Act,” provides, in section 427, that a buyer or any other person obligated for any part of the purchase price has the right to cancel a home solicitation sale until midnight of the third business day after the day on which the buyer signed the agreement. The act singles out for special treatment consumer credit sales in which the transaction is negotiated face-to-face at the residence of the buyer. However, the act specifically limits the right of cancellation to consumer contracts executed in the buyer’s home. Although high pressure salesmanship can be practiced elsewhere, the underlying theory of the act is that the buyer is more susceptible to making a bad bargain in. his home than he *142 is elsewhere. Therefore, if the contract is executed at the office of the seller or some place other than the buyer’s residence the act does not apply. The court also Potes that a much more liberal Consumer Protection Law, the Federal Consumer Credit Code (section 2.501), makes the same distinction. In the case at bar the negotiations took place at the plaintiff’s place of business and therefore the defendant cannot avail herself of the cancellation rights stated in section 427 of the Act.
The question that this court must decide is whether the $300 sought represents liquidated damages or is in fact a penalty clause. The contract provides that the ‘1 buyer specifically acknowledges and understands that the sum promised to be paid herein shall be paid whether or not buyer avails herself of the sessions purchased.”
The parties to a contract may agree that a fixed sum is to be paid in case of* breach by one of them as an exclusive remedy in lieu of damages. If the court finds that the sum agreed upon is a fair price for nonperformance, it is designated as liquidated damages which upon payment settles all obligations for the breach between the parties. However, if the intention is to impose a forfeit or monetary punishment upon the violator, the amount stated as payment is designated a penalty. The effect in such circumstances is to nullify the arrangement for the payment specified. (Richardson, Contracts, § 424; Diamond Match Co. v. Roeber, 106 N. Y. 473; Phœnix Ins. Co. v. Continental Ins. Co., 87 N. Y. 400.)
The topic of liquidated damages is discussed in section 2-718 of the Uniform Commercial Code. Subdivision (1) states: ‘ ‘ Damages for breach by either party may be liquidated in the agreement but only at an amount which is reasonable in the light of the. anticipated or actual harm caused by the breach, the difficulties of proof of loss, and the inconvenience or non-feasibility of otherwise obtaining an adequate remedy. A term fixing unreasonably large liquidated damages is void as a penalty.”
The amount sued for represents the total amount due under the contract. However, at the time of breach, the defendant had not attended any of the 190 sessions or made any of the payments due under the contract, the first payment being due in April. The court asked the plaintiff’s witness if the plaintiff had taken into consideration any expenses that it might have incurred or loss of profit that it suffered as a result of the defendant’s breach when it commenced this action. His answer was “ No ”,
*143 It is well settled that an amount set forth in any contract as liquidated damages must be reasonable and not disproportionate to probable damages, and must have been based on the principle of just compensation, and be such that it may fairly be allowed as compensation for the breach of contract. (See Weatherproof Improvement Contr. Corp. v. Kramer, 12 Misc 2d 100; Beacon Plastic & Metal Prods. v. Corn Prods. Co., 57 Misc 2d 634.) The court finds the contract clause before it to be a penalty clause. Plaintiff has failed to show any reasonable relation between the amount sued for and any loss it might have suffered as a result of the breach. This type of contract clause which demands full payment of the contract price even when no services are performed and no loss proven is unconscionable and will not be enforced by the court. To do so would place the plaintiff in a better position after the breach than he would be if the contract were not breached. When the court finds the clause to be a penalty clause, the entire clause fails and the court will not speculate as to damages.
The court in its decision has referred to the term unconscionable in its description of the penalty clause. A reading of the Uniform Commercial Code and many cases discussing unconscionability indicates that there never was an intent on the part of the Legislature to give a definition to the term unconscionable. If a definition were given, it would only limit the application of the concept. Every set of facts should have to stand on its own regarding the surrounding circumstances and the industry it applies to.
While this court will not limit the use of the concept of unconscionábility by defining it, it does note that the term unconscionable contains procedural and substantive elements.
The procedural element involves the contract formation process, which in turn includes the use of high-pressure sales tactics; failure to disclose the terms of a contract, misrepresentation and fraud on the part of the seller, a refusal to bargain on certain crucial terms, clauses hidden in fine print, and unequal bargaining power aggravated by the fact that the consumer in many cases cannot speak English. (See Seabrook v. Commuter Housing Co., 72 Misc 2d 6.)
Substantive unconscionability involves- oppressive terms in the contract itself; i.e., inflated prices, unfair disclaimers of warranty and cut-off clauses. (See Seabrook v. Commuter Housing Co., supra.)
The court, while not deciding this case on the issue of unconscionability, does believe that many of the procedural and sub *144 stantive elements mentioned by the court, were present in this case. There was testimony that high pressure sales tactics were employed by the seller, and that there were misrepresentations made about the defendant’s right to cancel the contract. Also, the use of a penalty clause requiring full payment where no services, were performed instead of compensatory damages are all examples of either procedural or substantive unconscionability. The term caveat emptor has been eroded by the code. No longer can a seller hide behind it when acting in an unconscionable manner. The advent of the code and its application by the courts have redefined the idiom caveat emptor to include ‘ ‘ let the seller beware, especially in consumer-related transactions.”
The court finds the clause in question to be a penalty clause, and, therefore, dismisses plaintiff’s case, with costs for the defendant.