Norman H. Shilling, J.
FINDINGS OF FACT
Plaintiff, Brooklyn Union Gas Company, is suing defendant Rafael Jimeniz for breach of contract. A verified summons and complaint was served upon the defendant on September 10, 1974 by substituted service. The plaintiff alleges entering into a contract with defendant on or about June 15, 1971 for the delivery and installation of one 400 Economite Gas Conversion Burner, one L400G-A Aquastat, one P404A Pressuretrol, one Backdraft Diverter. Plaintiff further claims that pursuant to the contract entered into herein the payments to be made by the defendant were deferred for 12 months and that the above items upon delivery and installation had a one-year unconditional satisfaction guarantee.
The purported written agreement was presented to the defendant in English only. Defendant, a non-English speaking and writing individual who only spoke and wrote Spanish fluently, admits to signing the papers introduced into evidence by plaintiff, the contract, but also testified that no one ever explained the contract to him. Defendant also testified that when he asked for an interpretation of the contract and an explanation of what the plaintiff’s agent, one David H. Mann, said regarding the alleged contract, a woman named Carmen told him to sign it. Plaintiff never sold or negotiated with defendant but induced defendant’s tenants to pressure defendant into signing the contract. Plaintiff’s agent, Mann, had defendant sign this purported contract at 673 Snediker Avenue, Brooklyn, N. Y. and not at plaintiff’s main office at Montague Street, Brooklyn, N. Y. where a Spanish interpreter would have been available.
Defendant could neither write nor speak English and testified to the fact that when one month later he attempted to make a payment at the Montague Street branch, he was told by an employee of the plaintiff that he need not pay for *950 another year. After one year passed defendant started to make payment. On or about May 22, 1973, during the second year, defendant complained to plaintiff that the unit involved herein was not functioning. Plaintiffs field repairmen found that a transformer burned out. An order for the part was placed with plaintiffs office. However, after discovering that defendant had made no payments past 1972, no further action was taken by plaintiff to supply the necessary part. Defendant, not receiving satisfaction, made no attempt to make further payments and plaintiff made no attempt to repair. Defendant further testified that plaintiffs employee, not identified by the defendant, told him if anything ever happened to the unit it would be repaired.
CONCLUSIONS OF LAW
The purported agreement presented to the court, on its face, seems to be a contract. Absent the testimony adduced at the trial, the normal conclusion would be that a contract had, in fact, been entered into by the parties. However, the purported contract introduced by plaintiff showed three signatures, whereas the defendant’s copy only shows his own signature. Under section 2-302 (subd [1]) of the Uniform Commercial Code: "If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract”.
That is the situation here — this court finds, as a matter of law, that the contract introduced by plaintiff is unconscionable and, thereby, under the Uniform Commercial Code, unenforceable in this forum. The Court of Appeals has made it plain in Wilson Trading Corp. v David Fergusun, Ltd., 23 NY2d 398, that whether a contract or any clause of the contract is unconscionable is a matter for the court to decide against the background of the contract’s commercial setting, purpose and effect. This court has the power and the discretion to determine whether a contract is unconscionable. It is up to the court as a matter of law to determine if the contract is or is not unconscionable and the court can strike the clause, clauses or the entire contract as a result if it finds the contract to be unconscionable. (Sinkoff Beverage Co. v Schlitz Brewing Co., 51 Misc 2d 446, Matter of Vought, 70 Misc 2d 781.)
An unconscionable sales contract contains procedural ele *951 merits involving "the contract formation process, which in turn includes the use of high-pressure sales tactics, failure to disclose the terms of a contract, misrepresentation and fraud on the part of the seller, a refusal to bargain on certain critical terms, clauses hidden in fine print, and unequal bargaining power aggravated by the fact that the consumer in many cases cannot speak English * * * The term caveat emptor has been oroded by the code. No longer can a seller hide behind it when acting in an unconscionable manner.” (Nu Dimensions Figure Salons v Becerra, 73 Misc 2d 140, 143-144; Frostifresh Corp. v Reynoso, 54 Misc 2d 119.) The contract must have mutuality of agreement and obligation; if lacking the contract is unenforceable. In making an agreement, the contracting parties create obligations as between themselves — the law of contracts generally contemplates that the parties will meet each other on a footing of social and approximate economic equality. The basic test of unconscionability of a contract is whether under the circumstances existing at the time of the creation of the contract the parties were in equality to each other on all levels. The court can look into the contract to make its determination and ascertain how the contract was printed, whether both parties to the contract spoke English, how the contract was made and if the contract was one-sided. (Triple D & E v Van Buren, 72 Misc 2d 569, affd 42 AD2d 841; Division of Triple T Serv. v Mobil Oil Corp., 60 Misc 2d 720, affd 34 AD2d 618.)
The defendant, in this case, was not looking for any arrangement but was induced to enter into this agreement by the plaintiff. The plaintiff, through its agent, made no attempt to explain to the defendant directly or indirectly what was involved. High pressure sales tactics were used and a Spanish speaking interpreter was not provided by the plaintiff' before the contract was signed. "[A]pparent throughout the trial of this matter [was] that the defendant had a reasonable though limited comprehension of day to day English language usage. On technical or legal issues, however, he demonstrated an uncertainty with various terms and difficulty in expressing himself often found in people in this city for whom English remains a second language.” (as in this case, in the present case, an interpreter was used throughout this trial). (Merrill School v Godoy, 78 Misc 2d 647, 650.)
"The doctrine of unconscionability is used by the courts to protect those who are unable to protect themselves and to *952 prevent injustice, both in consumer and nonconsumer areas * * * [UJnequal bargaining powers and the absence of a meaningful choice on the part of one of the parties, together with contract terms which unreasonably favor the other party, may spell out unconscionability. ” (Seabrook v Commuter Housing Co., 72 Misc 2d 6, 10-11; Frostifresh Corp. v Reynoso, 54 Misc 2d 119.) In this case, the defendant had a limited knowledge of the English language and no knowledge of the technical or legal tools of English. The plaintiff never provided an interpreter to explain the contract. The bargaining positions, therefore, were unequal. The defendant was and is, under these facts, unable to protect himself. Since he cannot protect himself, the court must protect him and thus this court declares the contract unconscionable and a nullity.