**CREDIT ALLIANCE CORPORATION, Plaintiff,**

v.

**JOSHCO MINING CORPORATION, James G. Sauls, Sr. and Grady C. Sauls, Defendants.**

No. 80 Civ. 5547(MEL).

United States District Court, S. D. New York.

May 11, 1981.

Sol D. Bromberg, New York City, for plaintiff.

Cohn, Glickstein, Lurie, Ostrin, Lubell & Lubell, New York City, for defendants; Laurence R. Kruteck, New York City, of counsel.

LASKER, District Judge.

On September 20, 1977, defendant Joshco Mining Corporation ("Joshco"), entered into a conditional sales contract ("note") with Simmons Machinery Co., Inc. ("Simmons") for the purchase of certain equipment to be used by Joshco in its mining operations. Defendants James G. Sauls, Sr. and Grady C. Sauls, the sole shareholders of Joshco at the time the note was executed, personally guaranteed the note. Immediately thereafter Simmons assigned the note to plaintiff Credit Alliance Corporation. The defendants allegedly defaulted on their obligation and plaintiff brought this action to recover amounts due under the note.

The individual defendants [1] move to dismiss on two jurisdictional grounds. First, defendants claim that the amount in controversy does not exceed $10,000. as required by 28 U.S.C. § 1332(a) (1976). Alternatively, defendants move to dismiss the complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) Fed.R.Civ.Pr. Both motions are denied for the reasons set forth below.

In determining whether the $10,000. amount in controversy requirement has been met, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). *See Mt. Healthy City School District Bd. of Ed. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Deutsch v. Hewes Street Realty Corp.*, 359 F.2d 96 (2d Cir. 1966).

Here, defendants have failed to sustain their burden of proving to a legal certainty that the actual amount due on the defaulted note is less than $10,000. Credit Alliance Corp. alleges that it is owed $15,-739.33, including additional charges in accordance with the terms of the note, plus attorney's fees of $3,147.87, plus interest. Defendants have admitted, (contrary to their original claim that all payments due had been made until September 1, 1979, the time of the alleged default) that they had been unable to meet their obligations on the original note during 1978, and, as a result, executed extension agreements. Therefore, there remains a material question of fact as to the extent of the asserted damages. Accordingly, the motion to dismiss pursuant to Rule 12(b)(1) Fed.R.Civ.Pr. for lack of subject matter jurisdiction is denied.

The motion to dismiss for lack of personal jurisdiction is also denied. In this case, personal jurisdiction is based upon provisions in the note and guarantee agreements appointing a New York agent for the service of process. Defendants' motion is predicated on the argument that the provision is unconscionable and therefore unenforceable. The claim is unpersuasive. "[P]arties to a contract may agree in advance to submit to the jurisdiction of a given court" by appointing an agent for the service of process. *National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316, 84 S.Ct. 411, 414, 11 L.Ed.2d 354 (1964). The mere assertions that the individual defendants did not read the contract, and were not represented by counsel does not warrant a finding of procedural unconscionability. Nor does plaintiff have any legal obligation to explain the provision.

---

1. Joshco, the corporate defendant, has not appeared. Joshco was sold by Grady C. Sauls in September 1979. At that time, Grady C. Sauls was the sole shareholder of Joshco.

A finding of unconscionability is mandated only where there is an absence of meaningful choice for one party and contractual terms which unreasonably favor the other party. *Fleischmann Distilling Corp. v. Distillers Co. Ltd.*, 395 F.Supp. 221, 232 (S.D.N.Y.1975). *See* N.Y.U.C.C. 2–302 (McKinney 1964). Where, as here, the claim is based upon an alleged defect in the contract formation process, the following factors are taken into consideration: whether the material terms of the contract were understood, whether high pressure sales tactics were used, whether terms were hidden in fine print and whether there was gross inequality of bargaining power. *Fleischmann Distilling, supra*, 395 F.Supp. at 232. *See Nu Dimensions Figure Salons v. Becerra*, 73 Misc.2d 140, 340 N.Y.S.2d 268 (Civ.Ct. Queens County 1973). "Though a commercial setting does not necessarily bar a claim of procedural unconscionability, 'it is the exceptional commercial setting where a claim of unconscionability will be allowed . . .'" *Fleischmann Distilling, supra*, at 233 (quoting *County Asphalt, Inc. v. Lewis Welding & Engineering Corp.*, 323 F.Supp. 1300, 1308 (S.D.N.Y.1970)). The individual defendants, seasoned businessmen, merely claim that they failed to read the contract. This does not present us with an "exceptional case," and defendants cannot now complain that they entered into a bad bargain.

In an attempt to distinguish the facts here from those in *National Equipment*, defendants claim that the close connection between one of the agents named for service of process and plaintiff creates a conflict of interest. This argument is also without merit. In *National Equipment*, the Supreme Court held the agency valid even though only the plaintiff, and not the defendant, knew the agent. Rather than focus on the nature of the relationship between the agent and the plaintiff, the Court looked to the limited nature of the agency and the agent's interest in assuring that notice was actually effectuated. Here, there was clearly incentive to serve the defendants properly and, in fact, the defendants were actually served both by the plaintiff, by certified mail, and the agent,

by regular mail. There is no more of a conflict of interest here than there was in *National Equipment*. Accordingly, defendants' motion to dismiss is denied.

In accordance with the letter of January 16, 1981, memorializing the decisions reached during conference, the court will defer the issue of venue until the disposition of a motion for summary judgment on the part of the plaintiff. The defendant shall answer the complaint within fifteen days and the plaintiff shall move for summary judgment within ten days after receipt of the answer.

It is so ordered.