**In re Sandra L. DAVIES, Debtor.**

**Bankruptcy No. 181–10790–A256.**

United States Bankruptcy Court,
E.D. New York.

March 3, 1983.

Norman P. Horwitz, P.C., New York City, for debtor; Susan Leiboff, New York City, of counsel.

Lester Muse, Asst. Manager, pro se.

## DECISION AND ORDER

CONRAD B. DUBERSTEIN, Bankruptcy Judge.

In her schedules of assets annexed to her voluntary Chapter 7 petition in bankruptcy Sandra L. Davies, the above debtor, listed as exempt property[1] monies deposited with Jamaica Furniture[2] (hereinafter Jamaica). A motion was made by Ms. Davies seeking an order directing the return of the funds held by Jamaica. The facts are not in dispute.

1. The Bankruptcy Code allows a debtor to exempt certain property and keep it out of the reach of creditors. The debtor may elect those exemptions enumerated in Section 522(d) of the Code or those provided by the laws of the state of the debtor's domicile. Section 522(b). A state may, however, prevent its citizens from electing Code exemptions. 522(b)(1). Such is the case in New York as of September 1, 1982.

## STATEMENT OF FACTS

On May 3, 1980 Ms. Davies entered into a lay-away contract with Jamaica for the purchase of furniture at a price of $2,735 plus $216 sales tax. Ms. Davies made a downpayment of $100 with Jamaica in exchange for a promise to set aside and label the selected items and refrain from selling them to anyone else. The terms of the contract were as follows: 1) the price was to be paid in monthly installments, the amount of each installment to be determined by the buyer; 2) Jamaica was to hold the furniture for one year free of all charges after which time a storage fee of $250 per month could be imposed; 3) if Ms. Davies cancelled the contract a storage fee of $250 could be imposed for the months the furniture was held; Jamaica had the option of retaining the downpayment as liquidated damages; 4) a two dollar late charge was imposed for each monthly lay-away payment missed; 5) if three consecutive monthly payments were missed the sale was void and Jamaica had the option of declaring the downpayment forfeited and was relieved of obligations to withhold the merchandise from sale to other customers.

In addition to the $100 downpayment securing the contract, Ms. Davies made payments of $150 on May 24, 1980 and $52 on June 14, 1980. Thereafter, Ms. Davies paid the $2 late fee monthly until October 1980. On October 30, 1980 Jamaica sent Ms. Davies a letter requesting her to inform them as to her intention concerning the performance of the contract. Jamaica states that Ms. Davies went to the store and confirmed her intent to fulfill her obligations.

Further correspondence dated February 5, 1981 from Jamaica to Ms. Davies contained a reminder that the furniture must

See Note 3 *infra*. Since the petition in the instant case was filed prior to that date the Code exemptions elected by the debtor are applicable.

2. Both debtor and creditor admit to the amount of $400, but the court does not know how this figure was derived.

be completely paid for and delivered by May 3, 1981 to avoid imposition of storage charges. Ms. Davies filed her petition for relief shortly before, on March 11, 1981.

## ISSUES

The issues are: (1) whether the contract between the parties is executory in nature and can therefore be rejected by the debtor or her trustee; (2) whether the liquidated damages clause of the contract can be given effect; (3) whether monies held on deposit by the creditor on behalf of the debtor can be used as a setoff against any damages; and (4) whether those monies on deposit are exempt property that must be returned to the debtor.

## DISCUSSION AND CONCLUSIONS

■ The contract between the debtor, Davies, and the creditor, Jamaica, was clearly executory in nature. The obligations of each party were so far unperformed that if either had failed to complete performance a material breach of the contract would have occurred. This is the definition of an executory contract that has gained universal acceptance under the Bankruptcy Code and the former Act, and which this court relies on for its authority. *Jenson v. Continental Financial Corp.,* 591 F.2d 477 (8th Cir.1979); *In re Knutson,* 563 F.2d 916 (8th Cir.1977); *Matter of Lake Minnewaska Mountain Houses, Inc.,* 11 B.R. 455 (Bkrtcy.S.D.N.Y.1981); *In re New England Carpet Co.,* 18 B.R. 514 (Bkrtcy.D.Vermont 1982). *See also Countryman* "Executory Contracts in Bankruptcy: Part I" 57 Minn.L.Rev. 439 (1973); *Countryman,* "Executory Contracts in Bankruptcy: Part II" 58 Minn.L.Rev. 479 (1974).

■ The existence of an executory contract gives the trustee in bankruptcy the power to reject or assume that contract subject to the approval of the court. 11 U.S.C. Section 365(a). Rejection of an executory contract does not necessarily require an affirmative act by the debtor. If the trustee does not either assume or reject the contract within 60 days of the order for relief it is automatically deemed rejected.

11 U.S.C. § 365(d)(1). This court finds that to be the situation in this matter and thus recognizes the subject contract as having been rejected.

■ The rejection of this contract does not, however, leave Ms. Davies immune from any claim for damages resulting from that rejection. Under the Code, a rejection gives rise to a legal fiction that a breach of the contract occurred immediately prior to the filing of the petition. 11 U.S.C. Section 365(g)(1). Thus, a claim is allowable for those damages resulting from the breach, and the court will determine the amount and the validity of the claim as of the date of the breach. 11 U.S.C. Section 502(b). However, the creditor's claim that it is entitled to retain Ms. Davies' $400 in payments as liquidated damages for her breach is without merit. Neither may that sum be earmarked as a setoff for damages suffered.

The liquidated damages clause in the contract between the parties is invalid for two reasons. First, it is in the form of a penalty. Second, it is impermissible because anticipated damages were ascertainable at the time the contract was formed.

■ In arriving at the foregoing conclusion we have relied on the law of the State of New York for our authority. *See Erie v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Damages may be liquidated in an agreement but only at such an amount as is reasonable in light of the anticipated or actual harm. U.C.C. Section 2–718(1). The purpose of liquidated damages is not forfeiture. *Nu Dimensions Figure Salon v. Becerra,* 73 Misc.2d 140, 340 N.Y.S.2d 268 (1973). If the court finds, as it does here, that it is more punitive than compensatory in nature, a liquidated damages clause will not be given effect. *Mead v. First Trust & Deposit Co.,* 90 Misc.2d 930, 397 N.Y.S.2d 295 (1977); *Beacon Plastic & Metal Products, Inc. v. Corn Products Co.,* 57 Misc.2d 634, 293 N.Y.S.2d 429 (1968). Under the provisions of the clause in question, the amount of damages could have ranged from almost nothing to practically

the entire contract price. This clearly bore no ascertainable relationship to any anticipated or actual damages and may in the extreme have permitted the creditor to retain the goods, as well as substantially all of the purchase price of those goods.

At the time the contract was formed anticipated damages could have been estimated by the creditor by reference to Section 2–708 of the Uniform Commercial Code. In that Section, the measure of damages for non-acceptance or repudiation by the buyer is the difference between the market price and the unpaid contract price at the time and place of tender together with any incidental damages, but less any expenses saved through the seller's mitigation of damages. If, however, that calculation proves insufficient to make the seller whole, the seller is entitled to lost profit plus incidental damages. The creditor could have relied on this formula to estimate potential damages with reasonable accuracy. Instead it chose a method that was not constructed to approximate actual damages, but primarily to serve as a forfeiture. Accordingly, the liquidated damages clause must be rejected and recovery is limited to actual damages proven. *Brecher v. Laikin,* 430 F.Supp. 103 (S.D.N.Y.1977); *Nu Dimensions Figure Salons v. Becerra, supra.*

The monies currently held by the creditor may not be used as a setoff against any damages suffered. Although the Code (11 U.S.C. Section 553) allows for, and the Second Circuit favors, setoffs in bankruptcy matters, they are not automatic and will not be permitted if they violate the purpose of the Code. *Bohack Corp. v. Borden, Inc.,* 599 F.2d 1160, 1165 (2d Cir.1979). The final determination as to whether or not a setoff is consistent with the intent of the Code rests with the discretion of the court. *Bohack, supra.* This court finds, in the instant case, that the intent would be undermined by a setoff since the $400 in question represents exempt property unreachable by creditors under the Code. 11 U.S.C. Section 522(d).

Ms. Davies' permissible exemptions are governed by the law in effect at the time her petition was filed with this court. *Hollytex Carpet Mills v. Tedford,* 691 F.2d 392, 9 B.C.D. 1087 (8th Cir.1982). On March 11, 1982 a debtor in New York had the option of choosing between two alternate lists of exemptions, one Federal and one State.[3] Ms. Davies opted for the Federal exemptions, which included combined exemptions of $7,900 covering any property not otherwise exempted. 11 U.S.C. Section 522(d). Since Ms. Davies at the time her petition in bankruptcy was filed held assets of only $2,264 and had debts consisting of $7,320 in unsecured claims, the $400 held by the creditor is exempt property and must be returned to her. The creditor, however, retains any claim for damages resulting from Ms. Davies' rejection of the contract. That unsecured claim is, of course, subject to proof and any satisfaction of that claim will flow from a distribution of Ms. Davies' non-exempt assets, but not directly from the $400.

## ORDER

By reason of the foregoing, IT IS ORDERED, that the debtor's motion be granted and that Jamaica is directed to pay to the debtor as exempt property, the sum of $400. It is further ORDERED, that any damages arising from the debtor's breach of contract must be properly established to the satisfaction of this court at which time Jamaica may be deemed to have an allowed unsecured claim for the amount so determined. The $400 in question may not be used as liquidated damages or as a setoff in satisfaction of a judgment in the creditor's favor.

---

3. Effective September 1, 1982, debtors in New York State are limited to those exemptions provided for in Article 10–A Section 282 of the Debtor and Creditor law of New York. No other exemptions are allowable. Because Ms. Davies filed her petition prior to that date, her election of the Federal exemptions provided for in 11 U.S.C. § 522 is controlling in this case.